RECEIPT # 5
$ 5.00

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

RECEIVED 2005

| **United States District Court** | District: Massachusetts | |
|---|---|---|
| Name: Angel Rivera | Prisoner No. | Case No. |
| Place of Confinement | | |

05-10629 JLT

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Angel Rivera | v. | John Ashcroft |

The Attorney General of the State of: the United States

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Essex County Superior Court, Salem, MA 01970

2. Date of judgment of conviction June 6, 1997

3. Length of sentence 8 years to 8 years and a day

4. Nature of offense involved (all counts) Rape & Abuse of a child under 16, five counts, Indecent assault & battery on child under 14, two counts, one not guilty for Rape & Abuse of a child under 16.

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Massachusetts Appeals Court

(b) Result Conviction affirmed

(c) Date of result and citation, if known August 20, 2001, 52 Mass.App.Ct. 321 (2001)

(d) Grounds raised Prosecutor's summation, exclusion of evidence, including medical records, and prior knowledge of victim's mother.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court Massachusetts Supreme Judicial Court

(2) Result Further Appellate Review denied,

(3) Date of result and citation, if known 435 Mass. 1108 (2002)

(4) Grounds raised Same as Appeals Court

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ______

(2) Result ______

(3) Date of result and citation, if known ______

(4) Grounds raised ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Essex County Superior Court

(2) Nature of proceeding Rule 30 appeal

(3) Grounds raised Ineffective Assistance of counsel, Fresh Complaint Prosecutorial misconduct, and Judicial bias and prejudice

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result Appeal denied

(6) Date of result March 27, 2003

(b) As to any second petition, application or motion give the same information:

(1) Name of court Massachusetts Appeals Court

(2) Nature of proceeding Rule 30 appeal

(3) Grounds raised Same as lower court

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result Appeal denied

(6) Date of result June 24, 2004, 810 N.E.2d 1288, 61 Mass.App.Ct. 1113

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☒ No ☐

(2) Second petition, etc. Yes ☒ No ☐ Sept. 10, 2004, ALOFAR denied 442 Mass. 1107-1109, 815 N.E.2d 1084.

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law) Angel Rivera explained to his attorney that he intended to testify and deny the charges, defense counsel refused to allow him to testify and explain the the truth that he was innocent in this trial where there was no other evidence, and it was the complainant against the defendant.

B. Ground two: Fresh complaint

Supporting FACTS (state *briefly* without citing cases or law): It was error for the trial court to allow fresh complaint four months later, where the complainant herself testifed that there was no threat nor use of force in this matter, and no fear nor intimidation alleged.

AO 241 (Rev. 5/85)

C. Ground three: Prosecutorial misconduct

Supporting FACTS (state *briefly* without citing cases or law): The prosecutor introduced a motion in limine to restrict cross examination of the complainant where the defense intended to impeach the complainant with prior inconsistent statements and admissions of prior false accusations of alleged crimes of similar magnitude.

D. Ground four Judicial bias and prejudice

Supporting FACTS (state *briefly* without citing cases or law): The presiding justice displayed bias and prejudice wherein his rulings were that he refused to consider the appeal that alleged the inability of cross examination of the complainant about similar prior false accusations that the complainant had admitted previously were false pertaining to similar sexual impropriety.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Jill Sellers, Salem, Massachusetts -- court appointed

(b) At arraignment and plea Same as (a) above

AO 241 (Rev. 5/85)

(c) At trial Same as (a) above

(d) At sentencing Same as (a) above

(e) On appeal Allison Beauparlant, Esq., CPCS assigned; also, Peter M. Onek, Esq., CPCS, 470 Atlantic Ave, Suite 700 Boston, MA 02210

(f) In any post-conviction proceeding pro se

(g) On appeal from any adverse ruling in a post-conviction proceeding pro se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

____________________
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____________________
(date)

____________________
Signature of Petitioner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANGEL RIVERA,
Petitioner,

v.

JOHN ASHCROFT,
Attorney General,
Defendant.

**NOTICE OF STATUS**

NOW COMES Angel Rivera in the above captioned matter and submits that his status is such that he complies with the status requirement on the following grounds:

Pursuant to Federal Habeas Corpus Practice and Procedure, Fourth Edition, 2001, Volume 1, page 360 et seq., it is held that:

> "As the law now stands, any person[7] who, as a result of action by a state or federal criminal court, is 'subject to restraints'"not shared by the public generally"' -- any person who cannot come and go as she pleases -- meets the 'status' jurisdictional requirement in habeas corpus statute.[8]" Footnotes omitted.

And further, in defining this tenet, the law is clear in that again quoting the above publication:

> "d Custodial status . . . . a person is in custody . . . as long as she was subject to at least one of the following kinds of restraint . . . (12) Detainer arising from conviction or sentence being challenged even though the petitioner is not actually incarcerated under the challenged conviction or

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No.

ANGEL RIVERA,
Petitioner,

v.

JOHN ASHCROFT,
Attorney General,
Respondent.

MEMORANDUM OF LAW AND
POINTS OF AUTHORITY IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES Angel Rivera in the above captioned and numbered matter and submits this memorandum of law and points of authority in support of his petition for writ of habeas corpus.

All issues contained herein have been presented to the state court either by way of direct appeal or by application for Rule 30 pursuant to the Rules of Criminal Procedure of the Commonwealth of Massachusetts.

All issues raised herein have been exhausted in the state court and are ripe for review by this petition for writ of habeas corpus.

The status of custody, for the purpose of the instant filing of this petition for writ of habeas corpus is appended as a separate document.

STATEMENT OF THE ISSUES

1. Whether it was ineffective assistance of counsel for trial defense counsel to refuse to allow Angel Rivera to testify and deny the allegations at trial as contained in the indictments, and especially where the evidence consisted of the accuser making claims against the defendant that were uncorroborated.

2. Whether it was error to allow "fresh complaint" status four months after the alleged incidents had ceased and where there was no allegation by the complainant of threats, violence, fear nor intimidation.

3. Whether the prosecuting attorney was guilty of prosecutorial misconduct wherein he introduced a motion in limine, to curtail cross-examination of the complaining witness as it pertained to a prior false accusation of sexual assault, similar to the charge being tried.

4. Whether the presiding judge was biassed and prejudiced in his rulings and holdings which were contrary to established law, as well as Angel Rivera's constitutional rights, wherein he declined to allow defense counsel to cross-examine the alleged victim, i.e., the complaining witness, about prior false allegations of sexual assault, similiar to the charge being tried.

The petitioner, Angel Rivera, brings this petition for writ of habeas corpus after exhaustion and the completion of his direct appeal, and his Rule 30 as mentioned supra.

This case involves allegations of sexual assault that were uncorroborated and stood alone from the complaining witness. Angel Rivera advised his defense counsel that he wished to testify, to deny the allegations, and defense counsel denied him that right. During the pre-trial segment, the prosecution introduced a motion in limine asking the court to limit cross-examination of the complaining witness and to outright deny introduction of the complaining witnesses prior false statements of a similar nature. The motion in limine did not address the issue of prior false statements or the telling of lies by the complaing witness, i.e., the alleged victim. Having granted the prosecution's motion in limine, the presiding judge continued to make reversible errors and deny defense counsel the right to cross-examine the witness on the matter of prior false accusations of sexual assault. In addition to all of the foregoing, the matter was compounded when the presiding judge determined that he would allow "fresh complaint" status to these allegations. All of the foregoing errors have denied Angel Rivera a fair trial, and justice has not been done.

STATEMENT OF THE FACTS

Notwithstanding the direct appeal and the Rule 30 filing, Angel Rivera submits that the state courts have failed to correct the errors and justice has not been done.

The issues raised establish that Angel Rivera's United States Constitutional rights have been abrogated in the instant matter.

Ineffective assistance of counsel, pursuant to the SJC holding, is properly raised for the first time on Rule 30 application.

The matter of the prosecutor falsely quoting out of context in his motion in limine to preclude defense counsel from introducing the complainant's previous false charge of sexual assault against someone else as detailed in his motion and contained in the appendix to this pleading is self evident.

The matter of the presiding judge holding that the stale allegation constituted "fresh complaint" notwithstanding that the record is contrary is a violation of Due Process, especially where there is no allegation nor even a scintilla of evidence of threat, violence, fear nor intimidation.

The matter of the presiding judge showing bias and prejudice in his holding, and most importantly

allowing the prosecution's motion in limine to restrict the cross-examination of the complaining witness of any prior false accusations of sexual assault, and to disallow defense counsel to cross-examine the complainant as to that false allegation constitutes a violation of Angel Rivera's Constitutional rights and was reversible error.

## ARGUMENT

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defense counsel erred and committed reversible error when she refused to all Angel Rivera to take the witness stand and deny and refute the charges against him.

At trial, Angel Rivera explained to defense counsel that he wished to take the witness stand, testify, refute, explain and deny the allegations against him. Defense counsel repeatedly declined to allow Angel Rivera to testify. While that, in and of itself, may not rise to a constitutional level, in the instant case, not only did it rise to a constitutional level, but it was an incorrect tactical decision of defense counsel, and so infected the entire trial, that Angel Rivera's failure to take the witness stand and deny the allegations was devastating to establishing his innocence.

The state court has made a finding of fact that

the complainant, Angel Rivera's stepdaughter, gave testimony that was uncorroborated. With the uncorroborated testimony, it was critical that Angel Rivera testify and deny the allegations. This silense, in the instant case, constituted error of judgement. Defense counsel actions are contrary to established law in the common-wealth, as contained in Commonwealth v. Little, 376 Mass 233 (1978), wherein the Supreme Judicial Court held that defense counsel's tactical decision cannot be faulted in disallowing Little to testify because surely the prosecution would have brought out Little's extensive criminal history. In the instant matter, Angel Rivera has no prior criminal record, and in fact was an upstanding member of the community working to support his family and his record was impeccable. In the instant matter, under these circumstances and in this case, defense counsel's performance fell below that which one might expect of a normally fallible attorney. Angel Rivera also relies upon and incorporates herein the principle as set forth in Commonwealth v. Saferian, 366 Mass 96 (1978) and Strickland v. Washington, 104 S.Ct. 2058 (1984).

II FRESH COMPLAINT

It was reversible error for the presiding judge to allow "fresh complaint" status after a four month hiatus after the complaining witness had moved away from the defendant where there was no allegation of threat, fear, nor intimidation.

During the trial, the presiding judge held that he was satisfied that this time period constituted that the alleged victim was still "living under the roof of the person who is responsible to the actions -- or alleged to be responsible for the actions -- does retain its freshness." This clearly indicates that the trial judge was basing his determination on the condition of whether the alleged victim was still under the control or still vulnerable to the accused. This is in keeping with the holdings of Massachusetts v. Nurse, 50 Mass.App.Ct. 36 (2000) and most recently, Commonwealth v. Smith, Lawyers Weekly No. 11-262-03. It would appear that this rationale is predicated on the fact that a child still under the care and control of one she would accuse, is not free to make the accusation because of threat, fear or intimidation. In the instant case, the prosecution asked the alleged victim when the abuse stopped, and she merely replied in 1995, and when asked why, she stated, because she said she wanted it to stop. This is not the testimony of a child who is in fear, or has been threatened or intimidated, and it's not consistent with the Supreme Judicial Court's holding on the issue, to extend time to complain because of fear, threat, or intimidation of the accused by the alleged perpetrator. In the instant case, it just

isn't there. There is no testimony from the complainant of any fear, threat, nor intimidation.

When this case is justaposed with Commonwealth v. Howell, 57 Mass.App.Ct. 716 (2003), the similarity becomes striking. In Howell, at 720, the Massachusetts Appeals Court listed the reasons for reversal and noted that data considered were factors relevant are whether the defendant threatened the accuser and whether the complaint was spontaneous or if there was some indicia such as being grilled by parents over some unrelated incident. In the instant case, the Rivera matter more closely resembles the Howell case. Howell is the paradigm of the Rivera case. Likewise, this court should grant the writ, granting relief as was done in the Howell case, for as in the Howell matter, the court determined that there must be flexibility to consider the facts of each case. When this court also considers the prosecutorial misconduct and judicial bias, the argument for relief becomes even more compelling.

III. PROSECUTORIAL MISCONDUCT

The prosecutor was guilty of misconduct wherein he introduced a motion in limine to curtail any cross-examination of the accuser about prior inconsistent statements, and indeed misquoted the law and worked a deception on the court in so doing.

Defense counsel had been supplied with discovery material, and attempted to use that material at trial,

and during the course of Angel Rivera's stepdaughter's testimony, she repeatedly made inconsistent statements and answered questions, on at least one occasion, with a yes, or a no, and an I don't know. When defense counsel, at least once attempted to show that the witness was not telling the truth, the prosecution objected and the judge upheld the objection. The trial judge repeatedly protected the alleged victim from being exposed as not telling the truth, and did so at the prompting of the prosecution. Subornation of perjury is a felony under Massachusetts law, and for the prosecutor to suborn perjury, and then object to the truth being shown the jury is unreasonable. The commission of that felony, subornation of perjury against Angel Rivera clearly violated his constitutional rights, and denied him a fair trial. Most recently, in Ellsworth v. Warden, 333 F.3d 1 (1st Cir. 2003), the federal appeals court made numerous rulings and remanded the case back to the lower court for further proceedings. In the course of the First Circuit so holding, it was noted inter alia, that the confrontation clause of the Constitution of the United States as defined by the United States Supreme Court in Davis v. Alaska, 415 U.S. 308 (1974) allows one to probe the strength of one's case, and specifically stated:

> "Cross examination is the principle means by which the believability of a witness and the truth of his testimony are tested."

In the instant matter, the prosecutor knew his witness would not tell the truth and filed his motion in limine to protect her from being exposed.

Of even greater importance and concern is the holding of the First Circuit in yet another case dealing with false testimony. A fortiori, see Bui v. DiPaulo, 170 F.3d 232, at 241-42 (1st Cir. 1999):

> "The confrontation clause right to cross examination is 'witness specific' so that a criminal defendant's entitlement to cross examine a witness increases in sensitivity in direct proportion to the witnesses's importance to the prosecution's case."

In the instant prosecution, the prosecution's case was based solely on the alleged victim, without her testimony, there was no case. Thus, having recognized the weakness of his case, the prosecutor moved to prevent the introduction of prior acts of the exact same character, that the alleged victim had made prior accusations of sexual abuse and assault against others and then admitted that she had lied for ulterior motives. The prosecutor then submitted his motion in limine and argued that the alleged incident he wished to have excluded was one that occurred at the Frost School when the alleged victim has seven or eight years old,

and one that accused her mother of mistreatment. The prosecutor then went on to explain that this type of allegation does not rise to the level of a rape and should be excluded, and relied upon Commonwealth v. Andrews, 403 Mass. 441 (1988) to support that contention. Two factors mitigate against his use of the Andrews case. First, the prior bad act that the defense wished to introduce was that of an allegation of sexual assault, and second, Andrews does not stand for the principle that the former false allegation may not be used, on the contrary, in Andrews, the court held that the defense had not laid a proper foundation. In the instant matter, proper foundation had been laid, indeed, the defense attorney informed the court that she wished to cross examine on the Frost School incident in 1988 wherein the alleged victim had made allegations of sexual assault and then admitted she lied, that is a paradox, for the prosecutor to try to say the two are the same, when in fact, they couldn't be more different.

The prosecuting attorney in this matter, counsel for the sovereign has abdicated his authority and abnegated his duty. He swore to uphold the constitution when he took his oath of office, that duty required him to represent all the citizens of the Commonwealth, he has now failed to defend Citizen Angel Rivera,

and seek the truth. His actions violate the law, G.L. c. 268 § 2 subornation of perjury, they also violate the Rules of Professional Conduct Concerning the Practice of Law, specifically Rule 3.8 Special Responsibilities of a Prosecutor. And, finally, all of the foregoing failures of the prosecutor have violated the constitutions of the United States and Massachusetts, and caused Angel Rivera a miscarriage of justice in the instant matter.

IV. JUDICIAL BIAS AND PREJUDICE

The Presiding Judge displayed bias and prejudice in refusing to consider the Rule 30 appeal as well as his failures at trial by ruling contrary to established law that defense counsel could not cross examine the accusing witness on the matter of similar prior false accusation that she had admitted were false pertaining to a sexual assault.

Likewise, as in the section dealing with prosecutorial misconduct, and in conjunction with that prosecutorial misconduct, the trial judge not only failed to correct the error, he aided and abetted the wrongdoing by repeatedly making incorrect decisions and failing to enforce well established and longstanding law. At the outset, G.L. 211 c § 2 deals with and defines what constitutes judicial misconduct and how one can establish bias and prejudice.

In the instant matter, it must be noted that a prosecutor that is guilty of misconduct is outrageous, a trial that is infected with a biased and prejudicial

judge is not a trial at all, it's a mockery of justice and strips the defendant of any semblance of fairness and justice.

All the parties agree that the Appeals Court of Massachusetts, as well as the trial court have made a finding of fact that the complainant, Angel Rivera's stepdaughter's testimony was uncorroborated. Thus, while uncorroborated testimony is acceptable, it is important, because it stands alone, and should be subjected to greater scrutiny. The law is well established, corroboration is required in some form and this has been the law for over 5000 years. It flows from common law, British law, and has its basis in Daniel 13 of the Old Testament of the Bible, The Septuagint version.

Angel Rivera, being charged with a heinous crime could only show his innocence by showing that the complaining witness was not telling the truth. The trial judge ruled against Angel Rivera at every critical juncture. When defense counsel attempted to show that the alleged victim was not under control of the defendant, she was overruled. When defense counsel attempted to introduce a previous false sexual allegation complaint against the complaining witness, she was overrulled. And, finally when defense counsel attempted to introduce

the false prior sexual allegations, the judge ruled that it was not allowed and severely restricted defense counsel on what could be discussed and what questions could be asked. With these rulings, defense counsel was powerless to show the jury the truth. Most recently, in Ellsworth, supra, the court held that where the allegations were similar and demonstrably false, that would be strong evidence of a prior false accusation and it would be very powerful.

Errors in trial decision by a presiding judge include denial of pursuing areas of concern such as was the matter being dealt with in the instant matter such as sleeping arrangements and separate bedrooms. The holding of fresh complaint, when it was not, coupled with the reporting officer's testimony was merely hearsay. And, as held in Massachusetts v. Nurse, 50 Mass.App.Ct. 36 (2000) the court therein held otherwise and contrary to the decisions and holding of the judge in the trial court.

In the instant matter, after the alleged victim had testified and probably to the truth, and was caught in some of her lies, the prosecutor then helped her and coached her to correct the lies on redirect and make them appear truthful. When defense counsel attempted to bring out the truth, she was badgered by the judge

and her efforts to show the truth were short circuited, and all of this was the direct result of judicial bias and prejudice against Angel Rivera by the trial judge. Thus, it was impossible to obtain a fair trial, because it was impossible to bring out the truth. Angel Rivera relies upon United States v. Raven, 121 F.Supp2d 128 (D.Mass. 2000) in support of this argument.

CONCLUSION

In order to vindicate the constitutional rights of Angel Rivera and to protect an innocent man wrongly accused, and wrongly convicted, Angel Rivera respectfully moves this court to grant this writ of habeas corpus and for any and other relief as may seem just and equitable to this court.

Dated:

Angel Rivera, pro se