UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGEL RIVERA,<br>    Petitioner,<br><br>v.<br><br>JOHN ASHCROFT,[1]<br>    Respondent. | CIVIL ACTION<br>NO. 05-10629-JLT |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The respondent submits this memorandum in support of his motion to dismiss, with prejudice, Angel Rivera's habeas corpus petition. As grounds, the respondent states that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). In light of the application of § 2244(d)(1), the respondent does not address the merits of the petition or raise his remaining defenses.[2]

**PRIOR PROCEEDINGS**

On March 20, 1996, an Essex County grand jury returned indictments charging the petitioner, Angel Rivera, with five counts of rape of a child (Mass. Gen. Laws ch. 265, § 23) (Nos. 1996 ESCR 832-836), and two counts of indecent assault and battery on a child under fourteen (Mass. Gen. Laws ch. 265, § 13B) (Nos. 1996 ESCR 837-838). *See* [Supplemental Answer ("S.A."), 35-36]. The victim was the young daughter of the petitioner's girlfriend with

---

[1] The respondent's motion to substitute Michael A. Thompson, superintendent of M.C.I. - Shirley, for John Ashcroft, former United States Attorney General, is currently pending before this Court.

[2] Should the Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses.

2

whom he lived. *Commonwealth v. Rivera*, 52 Mass. App. Ct. 321, 322, 753 N.E.2d 823, 825 (2001). [S.A. 37-43]. She was nine years old at the time of the abuse and fifteen years old at trial. *Id.*

The Commonwealth tried the petitioner before Judge Bohn and an Essex Superior Court jury which convicted the petitioner of four counts of rape and both counts of indecent assault and battery on June 6, 1997. [S.A. 4, 35]. Judge Bohn sentenced the petitioner to committed state prison terms of eight years to eights years and one-day [S.A. 4, 13], and a consecutive probationary term of four to five years [S.A. 18].[3]

The petitioner appealed his convictions to the Massachusetts Appeals Court ("Appeals Court") which affirmed them on August 20, 2001. *Commonwealth v. Rivera*, 52 Mass. App. Ct. 321, 753 N.E.2d 823 (2001). [S.A. 37-43]. He subsequently sought further appellate review in the Supreme Judicial Court ("SJC"). That court denied his application on January 3, 2002. *See Commonwealth v. Rivera*, 435 Mass. 1108, 762 N.E.2d 323 (2002). [S.A. 44].

More than a year later, on February 24, 2003, the petitioner moved for a new trial pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure. [S.A. 36]. The trial judge denied the motion on March 27, 2003. [S.A. 36]. The petitioner then appealed this judgment to the Appeals Court, which affirmed it on June 24, 2004. *Commonwealth v. Rivera*, 61 Mass. App. Ct. 1113, 810 N.E.2d 1288 (2004). [S.A. 45]. The SJC denied the petitioner's subsequent application for further appellate review on September 10, 2004. *Commonwealth v.*

---

[3] The petitioner was given additional sentences for his other convictions, but the respondent does not discuss them here because each of them ran concurrently with his committed state prison terms.

3

*Rivera*, 442 Mass. 1108, 815 N.E.2d 1085 (2004). [S.A. 46]. The petitioner filed this action on March 30, 2005.[4]

## ARGUMENT

"AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period for federal habeas petitions filed by state prisoners." *David v. Hall*, 318 F.3d 343, 344 (1st Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003). In the absence of a statutory exception,[5] "AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking it." *Id.* at 344 (citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "'[t]he time during which a properly filed application for State post-conviction or other collateral review is pending. . . .'" *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (alterations in original).

In this case, the SJC denied further appellate review of the petitioner's direct appeal on January 3, 2002. *See Commonwealth v. Rivera*, 435 Mass. 1108, 762 N.E.2d 323 (2002). Once the ninety-day period for seeking certiorari expired on April 3, 2002, his conviction became final.

---

[4] It bears noting that the petitioner filed a habeas corpus petition in this Court in 2002. *See Rivera v. Verdini*, No. 02-11185-MEL. [S.A. 47-48]. The Court dismissed the petitioner's claims as unexhausted, and the First Circuit subsequently affirmed this judgment. *Id.; See Rivera v. Verdini*, First Circuit No. 03-2353. [S.A. 49]. The respondent relegates this information to a footnote because the time during which a federal habeas corpus application is pending has no bearing on the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 173 (2001) ("Congress did not intent properly filed applications for federal review to toll the limitations period"). Further, because the case was dismissed on exhaustion grounds, in this motion, the respondent makes no claim regarding dismissal as a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

[5] These exceptions exist in cases where the government impedes relief, the Supreme Court creates new constitutional rights, or newly discovered facts raise doubts about the conviction. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

*See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

The petitioner did not file for State post-conviction or other collateral review, in the form of a motion for a new trial, until February, 24, 2003, a period of 327 days from the date his conviction became final. Thus, by the time he filed this motion, the petitioner had thirty-eight days remaining in which he could seek habeas corpus relief under the AEDPA. *See* 28 U.S.C. § 2244(d)(1). His filing of his new trial motion tolled the statute of limitations until it was denied, on March 27, 2003. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). However, because he subsequently timely appealed from the denial of that motion, and because he sought further appellate review, the AEDPA's limitations period remained tolled until the SJC denied his application for relief on September 10, 2004. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002) ("an application is pending as long as the ordinary state collateral review process is in continuance") (internal quotations omitted).[6] Thus, the petitioner had thirty-eight days, *i.e.*, until October 18, 2004 in which to file his petition for federal habeas relief.[7] Because he did not do so until March 30, 2005, his petition is more than five months late. In light of the

---

[6] The petitioner does not accrue the benefit of an additional ninety-day period during which he could have, but did not, seek certiorari in the Supreme Court. *David v. Hall*, 318 F.3d 343, 345 (1st Cir. 2003).

[7] For the Court's convenience, the respondent has included a chart describing the relevant procedural dates, and their implications for the statute of limitations, in his supplemental appendix. [S.A. 50].

5

application of 28 U.S.C. § 2244(d)(1) to this case, the Court must dismiss the petition for writ of habeas corpus with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of habeas corpus with prejudice.

                                 Respectfully submitted,

                                 THOMAS F. REILLY
                               ATTORNEY GENERAL

                               /s/ Daniel I. Smulow
                               Daniel I. Smulow, BBO # 641668
                               Assistant Attorney General
                               Criminal Bureau
                               One Ashburton Place
                               Boston, MA 02108
                               (617) 727-2200, ext. 2949

Dated: April 25, 2005

## Certificate of Service

I hereby certify that a true copy of the above document was served on Angel Rivera, M.C.I. - Shirley, P.O. 1218, Shirley, MA 01464, by first class mail, postage prepaid, on April 25, 2005.

                               /s/ Daniel I. Smulow