UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANGEL RIVERA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-10629-JLT |
| JOHN ASHCROFT,[1] | ) | |
| Respondent. | ) | |

**RESPONDENT'S SUPPLEMENTAL APPENDIX
TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

The respondent files the following documents as his supplemental appendix to his Motion

to Dismiss Petition for Writ of Habeas Corpus:

1. Docket Sheets, *Commonwealth v. Angel Rivera*, 1996 ESCR Nos. 00832-838;

2. *Commonwealth v. Rivera*, 52 Mass. App. Ct. 321, 753 N.E.2d 823 (2001);

3. *Commonwealth v. Rivera*, 435 Mass. 1108, 762 N.E.2d 323 (2002);

4. *Commonwealth v. Rivera*, 61 Mass. App. Ct. 1113, 810 N.E.2d 1288 (2004);

5. *Commonwealth v. Rivera*, 442 Mass. 1108, 815 N.E.2d 1085 (2004);

6. Endorsement, *Angel Rivera v. Paul Verdini*, No. 02-CV-11185-MEL;

7. Docket Sheets, *Angel Rivera v. Paul Verdini*, First Circuit No. 03-2353; and

6. Chart Detailing Events Relating to Statute of Limitations and Tolling.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

---

[1] The respondent's motion to substitute Michael A. Thompson, superintendent of M.C.I. -
Shirley, for John Ashcroft, former United States Attorney General, is currently pending before
this Court.

_Daniel I. Smulow_

Daniel I. Smulow, BBO 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: April 25, 2005

## Certificate of Service

I hereby certify that a true copy of the above document was served on Angel Rivera, M.C.I. - Shirley, P.O. Box 1218, Shirley, MA 01464, by first class mail, postage prepaid, on April 25, 2005.

_Daniel I. Smulow_

SA0001

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

**COMMONWEALTH VS.**   ANGEL RIVERA   9677CR 0832

OFFENSE: Rape, Chap. 265, sec. 23.

PLACE: Lawrence

SURETY AND AMOUNT: Annie R. Rivera-Jeter   $5,000.00 (Cash)

PROSECUTOR: Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970

COUNSEL: Committee for Public Counsel Services, 1 Salem Green, Salem 01970
Peter M. Onek, Esq. CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210

JUSTICE DISPOSING OF CASE: Boha, J.

| | | |
|---|---|---|
| 1996 Mar.20 | 1 | INDICTMENT FILED: |
| April 11 | 2 | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | | Jill Sellers, Esq., appointed and appears for the defendant. |
| | | Defendant waives reading of the indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court.. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding; K.Gordon, Court Stenographer |
| April 12 | 3 | Lawrence District Court Notified Re: Bail. |
| April 18 | 4 | Cash Bail Received. |
| May9 | | Continued to May 21, 1996. |
| | | Borenstein,J. presiding: N.Hezekiah, Court Stenographer |
| May 21 | 5 | Pretrial Conference Report filed. |
| | 6 | ORDER Re: SIA and SIB reports. (Borenstein,J.) |
| | 7 | Motion for List of Potential Witnesses and Their Probation Records filed |
| | | and after hearing allowed. |
| | 8 | Motion for Production of Department of Social Services Records-agreed. |
| | 9 | Motion for Discovery of Booking Sheet and Photographs-agreed. |
| | 10 | Motion for Discovery of Statements of Defendant-agreed. |
| | 11 | Motion for Exculpatory Evidence-agreed. |
| | 12 | Motion for Discovery of Medical Evidence-agreed. |
| | 13 | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | | Present for Miranda Warnings and Defendant's Statements-agreed. |
| | 14 | Motion to Inspect Statements of Witnesses-agreed. |
| | 15 | |

SA0002

| 1996 | | |
|---|---|---|
| May 21 | 16 | Motion for Rewards and promises-agreed. |
| | 17 | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. |
| | 18 | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. |
| | | Continued to June 20, 1996. |
| | | Borenstein,J. presiding: B.Vega, Court Stenographer |
| May 23 | 19 | District Court Papers Received. |
| June 20 | | Continued to July 16, 1996. |
| | | Whitehead,J. presiding: B.Vega, Court Stenographer |
| July 16 | | Continued to August 19, 1996 for motions. |
| | | Bohn,J. presiding: A.Green, Court Stenographer |
| August 19 | | Continued to September 3, 1996 for motions: |
| | | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 3 | | Continued to September 6, 1996 for motions. |
| | | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 6 | | Continued to September 26, 1996 for trial assignment. |
| | | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 26 | | Continued to December 9, 1996 for trial. |
| | | Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| Sept 27 | 20 | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) |
| Nov 26 | 21 | Motion to Continue Case filed and after hearing allowed. |
| | | Continued to February 3, 1997 for trial. |
| | | Welch,J. presiding: M.Hezekiah, Court Stenographer |
| 1997 | | |
| Jan 15 | 22 | Motion to Continue-Allowed. (Bohn,Jr.J.) |
| | | Continued to March 17,1997. |
| | | Bohn,Jr.J., presiding: |
| March 17 | | Continued to March 25, 1997 for trial assignment. |
| | | Cratsley,J., presiding: A.Green, Court Stenographer |
| March 25 | 23 | List of Potential Witnesses filed. |
| | | Continued to May 27, 1997 for trial. |
| | | Cratsley,J., presiding: A.Green, Court Stenographer |
| | 24 | ORDER to Produce Records issued to Department of Social Services. |
| | 25 | Order to Produce Records issued to Children's Hospital. |
| | 26 | Order to Produce Records issued to Pediatric Professional Associates, P.C. |
| | 27 | Order to produce Records issued to Saint's Memorial Medical Center. |
| April 10 | 28 | Impounded Record from Children's Hospital Received. |
| April 14 | 29 | Impounded Record form Pediatric Professional Association Received. |
| April 30 | 30 | Impounded Records From Saints Memorial Center Received |
| May 6 | 31 | Motion for Indigent Summons filed and after hearing ALLOWED. |
| May 7 | 32 | Summons Issued. |

SA0003

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS. Angel Rivera

No. CR- 0832
PAGE 2

| Date | No. | Entry |
|---|---|---|
| 1997 | | |
| May 16 | 33 | Motion to Continue Case filed after hearing and allowed. |
| | | Continued to May 29, 1997 for Trial. |
| | | Whitehead, J., presiding: M. Hezekiah, Court Stenographer |
| May 23 | 34 | Motion for Funds for Expert-Allowed. (Whitehead, J.) |
| | | Continued to May 27, 1997. |
| May 27 | | Welch, J., presiding: M. Hezekiah, Court Stenographer |
| May 29 | | Continued to June 2, 1997 at Lawrence for Trial. |
| | | Cratsley, J., presiding: M. Hezekiah, Court Stenographer |
| June 2 | 35 | Impounded Records from Department of Social Services Received. |
| | | Jury Trial Begins. |
| | 36 | Memo of Trial filed. |
| | 37 | List of Potential Witnesses filed. |
| | 38 | Motion to Propound Questions to Prospective Jurors Individually filed. |
| | 39 | Commonwealth's List of Potential Witnesses filed. |
| | 40 | Motion in Limine: Request for Instruction on Fresh Complaint filed and Allowed. |
| | 41 | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. |
| | 42 | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. |
| | 43 | Motion in Limine: Alleged Bad Acts filed and Withdrawn upon representation that no such evidence will be elicited. |
| | 44 | Memorandum in Support of Defendant's Motion to Exclude Evidence of prior Bad Acts filed. |
| | 45 | Motion for an In-Camera hearing, on the Admission of Evidence filed and Motion for in-camera hearing is Allowed. |
| | 46 | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed. |
| | 47 | Commonwealth's Motion in Limine filed and Referred to Context of Trial. |
| | 48 | Commonwealth's Motion in Limine filed and referred to Context of Trial. |
| | 49 | Motion in Limine to Exclude the term "Victim" filed and Allowed. |
| | 50 | Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. |
| | | See Commonwealth V. Sanchez. |
| | 51 | Motion to Dismiss-Affidavit and Memorandum of Law. After hearing Motion is Denied. |
| | 52 | Motion for Sequestration of Witnesses During Trial filed and Allowed. |
| | 53 | Motion in Limine - Disclosure filed and Denied. |
| | 54 | Motion in Limine filed and Allowed. |
| | 55 | Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. |
| | 56 | Motion in Limine Re: Opinion of Guilt filed and Allowed. |
| | 57 | Motion in Limine to limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. |
| | | Bohn, J., presiding: E. Vera, Court Stenographer |

| 1997 | | |
|---|---|---|
| June 4 | 58 | Motion for Required Finding of Not Guilty at Close of Commonwealth's Case after hearing, defendant's Motion is Denied. (Bohn, J.) |
| June 5 | 59 | Defendant's Request for Instruction filed. |
| June 6 | 60 | Commonwealth's Request for Jury Instructions filed. |
| | 61 | Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) |
| | 62 | VERDICT: Guilty of Rape of a Child Under the Age of Sixteen Years. |
| | 63 | SENTENCE: Eight (8) years to Eight (8) years and One (1) day committed to Massachusetts Correctional Institution Cedar Junction. Credit of Zero (0) days. |
| | | All Fees and Assessments waived. |
| | | Notified Appeals 278/28 and Appellate Division. |
| June 10 | 64 | Notified in Open Court Sex Offender Registry (Defendant refuses to sign the notice) Notification Relative to Sex Offender Registration under Chapter 6 Section 178F(c). |
| June 11 | 65 | Notice of Appeal filed. |
| June 16 | 66 | Motion for Stay of Execution Pending Appeal filed and Denied. |
| | | Bohn, J., presiding; M. Parziale, Court Stenographer |
| June 10 | 67 | Request for Transcript received. |
| June 11 | 68 | Appeal from Sentence to Massachusetts Correctional Institution, Cedar Junction filed. |
| June 16 | 69 | Transmitted to the Appellate Division and All Parties Notified. |
| July 14 | 70 | Request for transcript form received S. Jane Haggerty, ADA. No additions |
| | 71 | Peter M. Onek, Esq. appears for the defendant |
| | 72 | Notice sent to B. Vega and M. Parziale to prepare transcripts |
| | 73 | CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and M. Parziale, Court Stenographers |
| Sept 3 | 74 | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer |
| 1998 | | |
| Mar 17 | 75 | Transcripts received (4 volumes dated June 1, 4, 5, 6 of 1997) from M. Parziale, Court stenographer. |
| April 15 | 76 | CERTIFICATE: Receipt of transcripts from the D.A's office (4 volumes) |
| | 77 | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) |
| Aug. 25 | 78 | Notice from the Appellate Division dated July 29, 1998 Re: withdrawal of petition for review of sentence. |
| 1999 | | |
| Jan 11 | 79 | Notice of Assignment of Counsel C2399270-6, Allison Beauparlant, Esq. CPCS assigned. |
| April 7 | 80 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court. |
| June 25 | 81 | $50.00 victim/witness assessment received. |

96CR 832

SA0004

SA0005

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS.          ANGEL RIVERA          967CR 0833

**OFFENSE:** Rape of a Child under the age of sixteen years, Chap. 265, sec. 23.

PLACE: Lawrence

**SURETY AND AMOUNT:**

**PROSECUTOR:** Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970

**COUNSEL:** Committee for Public Counsel Services, 1 Salem Green, Salem 01970

Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA 02210

**JUSTICE DISPOSING OF CASE:** Bohn, J.

| 1996, Mar. 20 | 1 | INDICTMENT FILED. |
|---|---|---|
| April 11 | | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | | Defendant waives reading of the indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding: K.Gordon, Court Stenographer |
| April 12 | | Lawrence District Court Notified Re: Bail. See 3 in 96CR 832 |
| May 9 | | Continued to May 21, 1996. |
| | | Borenstein,J. presiding: M.Hezekiah, Court Stenographer |
| May 21 | | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | | Motion for List of Potential Witnesses and Their Probation Records filed and after hearing allowed. See 7 in 96CR 832 |
| | | Motion for Production of Department of Social Services Records-agreed. See 8 in 96CR 832 |
| | | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in 96CR 832 |

SA0006

| 1996 | |
|---|---|
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. |
| May 23 | Borenstein,J. presiding: B.Vega, Court Stenographer |
| June 20 | District Court Papers Received. See 19 in 96CR 832 |
| | Continued to July 16, 1996. |
| July 16 | Whitehead,J. presiding: B.Vega, Court Stenographer |
| | Continued to August 19, 1996 for motions. |
| August 19 | Bohn,J. presiding: A.Green, Court Stenographer |
| | Continued to August 28, 1996 for motion to dismiss. |
| Sept 3 | Bohn,Jr.J., presiding: A.Green, Court Stenographer |
| | Continued to September 6, 1996 for motions. |
| Sept 6 | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| | Continued to September 26, 1996 for trial assignment. |
| Sept 26 | Bohn,Jr.J., presiding: K.Gordon, Court Stenographer |
| | Continued to December 9, 1996 for trial. |
| Sept 27 | Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. |
| 1997 | Welch,J. presiding: M.Hezekiah, Court Stenographer |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. |
| March 17 | Bohn,Jr.J., presiding: |
| | Continued to March 25, 1997 for trial assignment. |
| March 25 | Cratsley,J., presiding: A.Green, Court Stenographer |
| | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Continued to May 27, 1997 for trial. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, P.C. See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

SA0007

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS. Angel Rivera

96
No. CR-833
PAGE two

| 1997 | |
|---|---|
| April 10 | Impounded Records from Childrens Hospital Received. See 28 in 96?CR 822 |
| April 14 | Impounded Records from Pediatric Professional Association. See 29 in 96CR 822 |
| April 30 | Impounded Records from Saints Memorial Medical Center Received See 30 in 96?CR-832 |
| May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| May 7 | Summons Issued. See 32 in 96CR 832 |
| May 16 | Motion to Continue Case filed after hearing and allowed. See #33 in 96CR 812. |
| | Continued to May 29, 1997 for Trial. |
| | Whitehead, J., presiding: M. Hezekiah, Court Stenographer |
| May 23 | Motion for Funds for Expert-Allowed. (Whitehead, J.) See #34 in 96CR 832 |
| May 27 | Continued to May 29, 1997. |
| | Welch, J., Presiding: M. Hezekiah, Court Stenographer. |
| May 29 | Continued to June 2, 1997 at Lawrence for Trial. |
| | Gratsley J., presiding: M. Hezekiah Court Stenographer |
| | Impounded Records from Department of Social Services Received. See #35 in 96CR 832. |
| June 2 | Jury Trial Begins. |
| | Memo of Trial filed. See #36 in 96CR 832. |
| | Motion to Propound Questions to Prospective Jurors Individually filed. See #37 in 96CR 832. |
| | List of Potential Witnesses filed. See #38 in 96CR 832. |
| | Commonwealth's List of Potential Witnesses filed. See #39 in 96CR 832. |
| | Motion in limine: Request for Instruction on Fresh Complaint filed and Allowed. See #40 in 96CR 832 |
| | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. See #41 in 96CR 832 |
| | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. See #42 in 96CR 832 |
| | Motion in Limine: Alleged Bad Acts filed and Withdrawn upon representation that no such evidence will be elicited. See #43 in 96CR 832 |
| | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed. See #44 in 96CR 832. |
| | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for In-Camera hearing is Allowed. See #45 in 96CR 832. |
| | See #46 in 96CR 832. |
| | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed |
| | Commonwealth's Motion in Limine filed and Referred to Contest of Trial. See #47 in 96CR 832. |

**1997**

**June 2**
Commonwealth's Motion in Limine to Exclude the term "Victim" filed and Referred to Context of Trial. See #48 in 96CR 832.

Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in 96CR 832.

Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. See Commonwealth V. Sanchez. See #50 in 96CR 832.

Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. See #51 in 96CR 832.

Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in 96CR 832.

Motion in Limine - Disclosure filed and Denied. See #53 in 96CR 832.

Motion in Limine filed and Allowed. See #54 in 96CR 832.

Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. See #55 in 96CR 832.

Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832.

Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. See #57 in 96CR 832.

**June 4**
Bohn, J., presiding: E. Vega, Court Stenographer
Motion #46-Denied. (Bohn, J.)

**June 5**
Motion for Required Finding of Not Guilty filed. (Bohn, J.) See #58 in 96CR 832.

hearing, defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832.

Defendant's Request for Instruction filed. See #59 in 96CR 832.

Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832.

**June 6**
Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) See #61 in 96CR 832.

VERDICT: Guilty of Rape of a Child Under the Age of Sixteen Years.

2    PROBATION: Eight years Probation, concurrent with 96CR 832 and 96CR 834; No Contact with the complainant or father.

All Fees and Assessments waived.

Notified Appeals 278/278 and Appellate Division.

Notified in Open Court Sex Offender Registration under Chapter 6 Section 178E(c).

Notice of Appeal Filed. See #65 in 96CR 832.

**June 10**
Motion for Stay of Execution Pending Appeal filed and Denied. See #66 in 96CR 832.

Bohn, J., presiding: M Parziale, Court Stenographer

Request for Transcript received. See #67 in 96CR 832.

**July 14**
Request for transcript form received from S. Jane Haggerty, ADA.    See #70 in CR832

Peter M. Onek, Esq., appears for the defendant.    See #71 in CR832

Notice sent to B. Vega and M. Parziale to prepare transcripts.    See #72 in CR832

CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and

SA0009

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS.        ANGEL RIVERA

No. CR-  0833
PAGE   three

| 1998 | |
| Sept 3 | M. Parziale, Court Stenographer. See #73 in CR832 |
| | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer |
| | See #74 in 96CR 832 |
| Mar 17 | Transcripts received (4 volumes dated June 3, 4, 5, 6 of 1997) from M. Parziale |
| | Court Stenographer. See #75 in 96CR 0832 |
| April 15 | CERTIFICATE: Receipt of transcripts from the D.A.'s office (4 vols) See #76 in CR832 |
| 1999 | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) See #77 in 96CR 832 |
| Jan 11 | Notice of Assignment of Counsel C239270-6, Allison Beauparlant, Esq. CPCS assigned. |
| | See #79 in 96CR 832 |
| April 7 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court. See |
| | #80 in 96CR 832 |

9677CR  0834

**COMMONWEALTH**
**OF**
**MASSACHUSETTS**
**ESSEX, SS.**
**SUPERIOR COURT**
**CRIMINAL**
**DOCKET**

**COMMONWEALTH VS.**    ANGEL RIVERA

**OFFENSE:** Rape of a Child under the age of sixteen years, Chap. 265, sec. 23.

**PLACE:** Lawrence

**SURETY AND AMOUNT:**

**PROSECUTOR:** Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970

**COUNSEL:** Committee for Public Counsel Services, 1 Salem Green, Salem 01970

Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210

**JUSTICE DISPOSING OF CASE:** Bohn, J.

| | |
|---|---|
| 1996 Mar.20 | INDICTMENT FILED: |
| April 11 | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | Defendant waives reading of the Indictment and pleads not guilty. |
| | Defendant ordered to recognize Same Bail as District Court. |
| | Continued to May 9, 1996. |
| | Cowin,J. presiding: K.Gordon, Court Stenographer |
| April 12 | Lawrence District Court Notified Re: Bail  See 3 in 96CR 832 |
| May 9 | Continued to May 21, 1996. |
| | Borenstein,J. presiding: M.Rezekiah, Court Stenographer |
| May 21 | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | Motion for List of Potential Witnesses and Their Probation Records filed |
| | and after hearing allowed. See 7 in 96CR 832 |
| | Motion for Production of Department of Social Services Records-agreed. See |
| | 8 in 96CR 832 |
| | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in |
| | 96CR 832 |

SA0010

| Date | Entry |
|------|-------|
| 1996 | |
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. |
| | Borenstein,J. presiding: B.Vega, Court Stenographer |
| May 23 | District Court Papers Received. See 19 in 96CR 832 |
| June 20 | Continued to July 16, 1996. |
| | Whitehead,J. presiding: B.Vega, Court Stenographer |
| July 16 | Continued to August 19, 1996 for motions. |
| | Bohn,J. presiding: A.Green, Court Stenographer |
| August 19 | Continued to September 3, 1996 for motions. |
| | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 3 | Continued to September 6, 1996 for motions. |
| | Bohn,J. presiding: K.Gordon, Court Stenographer |
| Sept 6 | Continued to September 26, 1996 for trial assignment. |
| | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 26 | Continued to December 9, 1996 for trial. |
| | Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| Sept 27 | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. |
| | Welch,J. presiding: M.Hezekiah, Court Stenographer |
| 1997 | |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. |
| | Bohn,Jr.J., presiding: |
| March 17 | Continued to March 25, 1997 for trial assignment. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| March 25 | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Continued to May 27, 1997 for trial. |
| | Cratsley,J. presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, C. See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

**SA0011**

COMMONWEALTH VS. Angel Rivera                    96    NO. CR. 834
                                                        PAGE two

| COMMONWEALTH OF MASSACHUSETTS ESSEX.SS. SUPERIOR COURT CRIMINAL DOCKET | 1997 | |
|---|---|---|
| | April 10 | Impounded Records from Childrens Hospital Received. See 28 in 9677CR 822 |
| | April 14 | Impounded Records from Pediatric Professional Association Received. See 29 in 822 |
| | April 30 | Impounded Records from Saints Memorial Medical Center Received See #30 in 9677CR- |
| | May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| | May 7 | Summons Issued. See 32 in 96CR 832 |
| | May 16 | Motion to Continue Case filed and after hearing and allowed  See #33 in 96CR 832. |
| | | Continued to May 29, 1997 for Trial. |
| | | Whitehead, J., presiding: M. Hezekiah, Court Stenographer |
| | May 23 | Motion for Funds for Expert-Allowed. (Whitehead, J.)  See #34 in 96CR 832 |
| | May 27 | Continued to May 29, 1997 |
| | | Welch, J., presiding: M. Hezekiah, Court Stenographer |
| | May 29 | Continued to June 2, 1997 at Lawrence for Trial. |
| | | Cratsley, J., presiding: M. Hezekiah, Court Stenographer |
| | | Impounded Records from Department of Social Services Received.  See #35 in 96CR 832. |
| | June 2 | Jury Trial Begins. |
| | | Memo of Trial filed.  See #36 in 96CR 832. |
| | | Motion to Propound Questions to Prospective Jurors Individually filed.  See #37 in 96CR 832. |
| | | List of Potential Witnesses filed.  See #38 in 96CR 832. |
| | | Commonwealth's List of Potential Witnesses filed.  See #39 in 96CR 832. |
| | | Motion in Limine: Request for Instruction on Fresh Complaint filed and Allowed. See #40 in 96CR 832. |
| | | Motion for Voir Dire on Fresh Complaint and memorandum filed and Allowed.  See #41 in 96CR 832. |
| | | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed.  See #42 in 96CR 832. |
| | | Motion in Limine: Alleged Bad Acts filed and Withdrawn upon representation that no such evidence will be elicited.  See #43 in 96CR 832. |
| | | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed.  See #44 in 96CR 832. |
| | | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for in-camera hearing is Allowed.  See #45 in 96CR 832. |
| | | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed. See #46 in 96CR 832. |
| | | Commonwealth's Motion in Limine filed and Referred to Context of Trial.  See #47 in 96CR 832. |

SA0012

**1997**

**June 2** — Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #48 in 96CR 832.

Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in 96CR 832.

Motion for Bill of Particulars—after hearing, defendant's Motion is Denied. See Commonwealth V. Sanchez. See #50 in 96CR 832.

Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. See #51 in 96CR 832.

Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in 96CR 832.

Motion in Limine – Disclosure filed and Denied. See #53 in 96CR 832.

Motion in Limine filed and allowed. See #54 in 96CR 832.

Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. See #55 in 96CR 832.

Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832.

Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. See #57 in 96CR 832.

Bohn, J., presiding: E. Vega, Court Stenographer

**June 4** — Motion #46–Denied. (Bohn, J.)

Motion for Required Finding of Not Guilty at Close of Commonwealth's Case-after hearing, defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832.

**June 5** — Defendant's Request for Jury Instructions filed. See #59 in 96CR 832.

Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832.

**June 6** — Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) See #61 in 96CR 832.

VERDICT: Guilty of Rape of a Child Under the Age of Sixteen Years.

SENTENCE: Eight (8) years to Eight (8) years and one (1) day committed to Massachusetts Correctional Institution Cedar Junction. Concurrent with 96CR 832.

Credit of Zero (0) days.

All Fees and Assessments waived.

Notified Appeals 2/8/28 and Appellate Division.

Notified in Open Court Sex Offender Registry (Defendant refuses to sign the notice)

Notification Relative to Sex Offender Registration under Chapter 6 Section 178K(c).

See #64 in 96CR 832.

Notice of Appeal filed. See #65 in 96CR 832.

Motion for Stay of Execution Pending Appeal filed and Denied. See #66 in 96CR 832.

Bohn, J., presiding: M. Parziale, Court Stenographer

**June 10** — Request for Transcript received. See #67 in 96CR 832.

Request for transcript form received from S. Jane Haggerty, ADA. See #70 in 96CR 832

COMMONWEALTH VS.    ANGEL RIVERA

No. CR-   834
PAGE     three

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| | |
|---|---|
| July 14 | Peter M. Onek, Esq., appears for the defendant.  See #71 in CR832 |
| | Notice sent to B. Vega and M. Parziale to prepare transcripts.  See #72 in CR832 |
| | CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and |
| Sept 3 | M. Parziale, Court Stenographers.  See #73 in CR832 |
| | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer |
| 1998 | See #74 in 96CR 832 |
| Mar 17 | Transcripts received (4 volumes dated June 3, 4, 5, 6 of 1997) from M. Parziale, |
| | Court stenographer.   See #75 in 96CR 832 |
| April 15 | CERTIFICATE: Receipt of transcripts from the D.A's office (4 vols) See #76 in CR832 |
| 1999 | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) See #77 in 96CR 832 |
| Jan 11 | Notice of Assignment of Counsel C2399270-6, Allison Beauparlant, Esq. CPCS assigned. |
| | See #79 in 96CR 832. |
| April 7 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court,  See |
| | #80 in 96CR 832. |

SA0014

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

9677CR    0835

COMMONWEALTH VS.    ANGEL RIVERA

| | |
|---|---|
| OFFENSE: | Rape of a Child under the age of sixteen years, Chap. 265, sec. 23. |
| | PLACE: Lawrence |
| SURETY AND AMOUNT: | |
| PROSECUTOR: | Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970 |
| COUNSEL: | Committee for Public Counsel Services, 1 Salem Green, Salem 01970 |
| | Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210 |

JUSTICE DISPOSING OF CASE:    Bohn, J.

| 1996 Mar 20 | 1 | INDICTMENT FILED: |
|---|---|---|
| April 11 | | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | | Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | | Defendant waives reading of the Indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding: K.Gordon, Court Stenographer |
| April 12 | | Lawrence District Court Notified Re: Bail. See 3 in 96CR 832 |
| May 9 | | Continued to May 21, 1996. |
| May 21 | | Borenstein,J. presiding: K.Hezekiah, Court Stenographer |
| | | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | | Motion for List of Potential Witnesses and Their Probation Records filed |
| | | and after hearing allowed. See 7 in 96CR 832 |
| | | Motion for Production of Department of Social Services Records-agreed. See |
| | | 8 in 96CR 832 |
| | | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | | Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in |
| | | 96CR 832 |

SA0015

| 1996 | |
|---|---|
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. |
| May 23 | Borenstein,J. presiding: B.Vega, Court Stenographer |
| June 20 | District Court Papers Received. See 19 in 96CR 832 |
| | Continued to July 16, 1996. |
| July 16 | Whitehead,J. presiding: B.Vega, Court Stenographer |
| | Continued to August 19, 1996 for motions. |
| August 19 | Bohn,J presiding: A.Green, Court Stenographer |
| | Continued to September 3, 1996 for motions. |
| Sept 3 | Bohn,Jr.,J. presiding: K.Gordon, Court Stenographer |
| | Continued to September 6, 1996 for motions. |
| Sept 6 | Bohn,Jr.,J. presiding: K.Gordon, Court Stenographer |
| | Continued to September 26, 1996 for trial assignment. |
| Sept 26 | Bohn,Jr.J., presiding: K.Gordon, Court Stenographer |
| | Continued to December 9, 1996 for trial. |
| Sept 27 | Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. |
| | Welch,J. presiding: M.Hezekiah, Court Stenographer |
| 1997 | |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. |
| | Bohn,Jr.J., presiding: |
| March 17 | Continued to March 25, 1997 for trial assignment. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| March 25 | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| | Continued to May 27, 1997 for trial. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, P.C. See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

SA0016

COMMONWEALTH VS. Angel Rivera

96 No.CR- 835
PAGE two

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX.SS.
SUPERIOR COURT
CRIMINAL
DOCKET

1997

| April 10 | Impounded Records from Childrens Hospital Received. See 28 in 9677CR 822 |
| April 14 | Impounded Records From Pediatric Professional Association Received. See 29 in 822 |
| April 30 | Impounded Records From Saints Memorial Medical Center Received See #30 in 967JCR-R12 |
| May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| May 7 | Summons Issued. See 32 in 96CR 832 |
| May 16 | Motion to Continue Case filed after hearing and allowed. See #33 in 96CR 832 |
| | Continued to May 29, 1997 for Trial. |
| | Whitehead, J., presiding; M. Hezekiah, Court Stenographer |
| May 23 | Motion for Funds for Expert-Allowed. (Whitehead, J.,) See #34 in 96CR 832. |
| May 27 | Continued to May 29, 1997. |
| | Welch, J., presiding; M. Hezekiah, Court Stenographer |
| May 29 | Continued to June 2, 1997 at Lawrence for Trial. |
| | Cratsley, J., presiding; M. Hezekiah, Court Stenographer |
| | Impounded Records from Department of Social Services Received. See #35 in 96CR 832. |
| June 2 | Jury Trial Begins. |
| | Memo of Trial filed. See #36 in 96CR 832. |
| | Motion to Propound Questions to Prospective Jurors Individually filed. See #37 in 96CR 832. |
| | List of Potential Witnesses filed. See #38 in 96CR 832. |
| | Commonwealth's List of Potential Witnesses filed. See #19 in 96CR 832. |
| | Motion in Limine; Request for Instruction on Fresh Complaint filed and Allowed. See #40 in 96CR 832. |
| | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. See #41 in 96CR 832. |
| | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. See #42 in 96CR 832. |
| | Motion in limine; Alleged Bad Acts filed and withdrawn upon representation that no such evidence will be elicited. See #43 in 96CR 832. |
| | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed. See #44 in 96CR 832. |
| | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for in-camera hearing is Allowed. See #45 in 96CR 832. |
| | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed. See #46 in 96CR 832. |
| | Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #47 in 96CR 832. |

SA0017

| 1997 | |
|---|---|
| June 2 | Commonwealth's Motion in Limine filed and Referred to Context of Trial. in 96CR 832. |
| | Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in 96CR 832. |
| | Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. See Commonwealth v. Sanchez. See #50 in 96CR 832. |
| | Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. See #51 in 96CR 832. |
| | Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in 96CR 832. |
| June 4 | Motion in Limine - Disclosure filed and Denied. See #53 in 96CR 832. |
| | Motion in Limine filed and Allowed. See #54 in 96CR 832. |
| | Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. See #55 in 96CR 832. |
| | Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832. |
| | Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. See #57 in 96CR 832. |
| | Bohn, J., presiding: E. Vega, Court Stenographer |
| June 4 | Motion #46-Denied. (Bohn, J.) |
| June 5 | Motion for Required Finding of Not Guilty at Close of Commonwealth's Case-after hearing, defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832. |
| | Defendant's Request for Instruction filed. See #59 in 96CR 832. |
| June 6 | Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832. |
| | Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) See #61 in 96CR 832. |
| June 4 2 | VERDICT: Guilty of Rape of a Child Under the Age of Sixteen Years. |
| | PROBATION: Five (5) years Probation, from and after 96CR 832 and 96CR 834; No Contact with the complaintant, Sex Offender Courses as Ordered by the Probation Officer. All Fees and Assessments waived. |
| | Notified Appeals 278/28 and Appellate Division. |
| | Notified in Open Court Sex Offender Registry (Defendant refuses to sign the notice.) |
| | Notification Relative to Sex Offender Registration under Chapter 6 Section 178E(c). See #64 in 96CR 832. |
| June 10 | Notice of Appeal filed. See #65 in 96CR 832. |
| | Motion for Stay of Execution Pending Appeal filed and Denied. See #66 in 96CR 832. |
| | Bohn, J., presiding: M. Parziale, Court Stenographer |
| | Request for Transcript received. See #67 in 96CR 832. |
| | Request for transcript form received from S. Jane Haggerty, ADA. See #70 in 96CR 832 |
| July 14 | Peter M. Onek, Esq., appears for the defendant. See #71 in CR832 |

SA0018

No. CR- 835
PAGE  three

COMMONWEALTH VS.  ANGEL RIVERA

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| | |
|---|---|
| July 14 | Notice sent to B. Vega and M. Parziale to prepare transcripts. See #72 in CR832 |
| | CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and M. Parziale, Court Stenographers. See #73 in CR832 |
| Sept 3 | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer See #74 in 96CR 832 |
| 1998 | |
| Mar 17 | Transcripts received (4 volumes dated June 3, 4, 5, 6 of 1997) from M. Parziale, Court stenographer.  See #75 in 96CR 832 |
| April 15 | CERTIFICATE: Receipt of transcripts from the D.A's office (4 vols) See #76 in CR832 |
| | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) See #77 in 96CR 832 |
| 1999 | |
| Jan 11 | Notice of Assignment of Counsel C2399270-6, Allison Beauparlant, Esq, CPCS assigned. See #79 in 96CR 832. |
| April 7 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court.  See #80 in 96CR 832. |

SA0019

COMMONWEALTH OF MASSACHUSETTS ESSEX, SS. SUPERIOR COURT CRIMINAL DOCKET

9677CR 0836

COMMONWEALTH VS.    ANGEL RIVERA

**OFFENSE:** Rape of a Child under the age of sixteen years, Chap. 265, sec. 23.

PLACE: Lawrence

**SURETY AND AMOUNT:**

**PROSECUTOR:** Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970

**COUNSEL:** Committee for Public Counsel Services, 1 Salem Green, Salem 01970

Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210

**JUSTICE DISPOSING OF CASE:** Bohn, J.

| 1996 | | |
|---|---|---|
| Mar. 20 | | INDICTMENT FILED: |
| April 11 | | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | | Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | | Defendant waives reading of the indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding; K.Gordon, Court Stenographer |
| April 12 | | Lawrence District Court Notified Re: Bail. See 3 in 96CR 832 |
| May 9 | | Continued to May 21, 1996. |
| | | Borenstein,J. presiding; M.Hezekiah, Court Stenographer |
| May 21 | | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | | Motion for List of Potential Witnesses and Their Probation Records filed |
| | | and after hearing allowed. See 7 in 96CR 832 |
| | | Motion for Production of Department of Social Services Records-agreed. See |
| | | 8 in 96CR 832 |
| | | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | | Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in |
| | | 96CR 832 |

SA0020

| 1996 | |
|---|---|
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. Borenstein,J. presiding: B.Vega, Court Stenographer |
| May 23 | District Court Papers Received. See 19 in 96CR 832 |
| June 20 | Continued to July 16, 1996. Whitehead,J. presiding: B.Vega, Court Stenographer |
| July 16 | Continued to August 19, 1996 for motions. Bohn,J. presiding: A.Green, Court Stenographer |
| August 19 | Continued to September 3, 1996 for motions. Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 3 | Continued to September 6, 1996 for motions. Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 6 | Continued to September 26, 1996 for trial assignment. Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| Sept 26 | Continued to December 9, 1996 for trial. Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| Sept 27 | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. Welch,J. presiding: M.Hezekiah, Court Stenographer |
| 1997 | |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. Bohn,Jr.J., presiding: |
| March 17 | Continued to March 25, 1997 for trial assignment. Cratsley,J., presiding: A.Green, Court Stenographer |
| March 25 | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Continued to May 27, 1997 for trial. Cratsley,J., presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, P.C. See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

SA0021

96   NO. CR- 836
PAGE two

COMMONWEALTH VS.   Angel Rivera

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

SA0022

| 1997 | |
|---|---|
| April 10 | Impounded Records from Childrens Hospital Received. See 28 in 9677CR 822 |
| April 14 | Impounded Records received from Pediatric Professional Association Received See 29 In 96CR 832 |
| April 30 | Impounded Records From Saints Memorial Medical Center Received See #30 in 9677CR-832 |
| May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| May 7 | Summons Issued. See 32 in 96CR 832 |
| May 16 | Motion to Continue Case filed after hearing and allowed. See #13 in 96CR 832 |
| | Continued to May 29, 1997 for Trial. |
| May 23 | Whitehead, J., presiding: M. Hezekiah, Court Stenographer Motion for Funds for Expert-Allowed. (Whitehead, J.) See #34 in 96CR 832. |
| May 27 | Continued to May 29, 1997. |
| May 29 | Welch, J., presiding: M. Hezekiah, Court Stenographer Continued to June 2, 1997 at Lawrence for Trial. |
| | Cratsley, J., presiding: M. Hezekiah, Court Stenographer Impounded Recorded from Department of Social Services Received. See #35 in 96CR 832. |
| June 2 | Jury Trial Begins. |
| | Memo of Trial filed. See #36 in 96CR 832. |
| | Motion to Propound Questions to Prospective Jurors Individually filed. See #37 in 96CR 832. |
| | List of Potential Witnesses filed. See #38 in 96CR 837. |
| | Commonwealth's List of Potential Witnesses filed. See #39 in 96CR 832. |
| | Motion in Limine: Request for Instruction on Fresh Complaint filed and Allowed. See #40 in 96CR 832. |
| | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. See #41 in 96CR 832. |
| | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. See #42 in 96CR 832. |
| | Motion in Limine: Alleged Bad Acts filed and Withdrawn upon representation that no such evidence will be elicited. See #43 in 96CR 832. |
| | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed. See #44 in 96CR 832. |
| | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for in-camera hearing is Allowed. See #45 in 96CR 832. |
| | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed. See #46 in 96CR 832. |
| | Commonwealth's Motion in Limine filed and Referred to Context of Trial... |

| 1997 | | |
|---|---|---|
| June 2 | | Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #48 |
| | | in 96CR 832. |
| | | Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in |
| | | 96CR 832. |
| | | Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. See |
| | | Commonwealth V. Sanchez. See #50 in 96CR 832. |
| | | Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. |
| | | See #51 in 96CR 832. |
| | | Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in |
| | | 96CR 832. |
| | | Motion in Limine — Disclosure filed and Denied. See #53 in 96CR 832. |
| | | Motion in Limine filed and Allowed. See #54 in 96CR 832. |
| | | Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. |
| | | See #55 in 96CR 832. |
| | | Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832 |
| | | Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to |
| | | the extent that the Commonwealth will be limited to Two fresh complaint witnesses. |
| | | See #57 in 96CR 832. |
| June 4 | | Bohn, J., presiding: E. Vega, Court Stenographer |
| | | Motion #46-Denied. (Bohn, J.) |
| | | Motion for Required Finding of Not Guilty at Close of Commonwealth's Case-after hearing, |
| | | defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832. |
| June 5 | | Defendant's Request for Instruction filed. See #59 in 96CR 832. |
| | | Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832. |
| June 6 | | Motion for Required Finding of Not Guilty at Close of All the Evidence filed and |
| | | Denied. (Bohn, J.) See #61 in 96CR 832. |
| | 2 | VERDICT: Not Guilty. |
| | | Defendant Discharged. |

SA0023

COMMONWEALTH VS.          ANGEL RIVERA                                    9677CR  0837

**COMMONWEALTH OF MASSACHUSETTS ESSEX, SS. SUPERIOR COURT CRIMINAL DOCKET**

| | |
|---|---|
| OFFENSE: | Indecent Assault and Battery on a Child, Chap. 265, sec. 13B. |
| | PLACE: Lawrence |
| SURETY AND AMOUNT: | |
| PROSECUTOR: | Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970 |
| COUNSEL: | Committee for Public Counsel Services, 1 Salem Green, Salem 01970 |
| | Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210 |

| JUSTICE DISPOSING OF CASE: | Bohn, J. | |
|---|---|---|
| 1996 Mar.20 | 1 | INDICTMENT FILED. |
| April 11 | | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | | Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | | Defendant waives reading of the Indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding; K.Gordon, Court Stenographer |
| April 12 | | Lawrence District Court Notified Re: Bail. See 3 in 96CR 832 |
| May 9 | | Continued to May 21, 1996. |
| | | Borenstein,J. presiding; M.Hezekiah, Court Stenographer |
| May 21 | | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | | Motion for List of Potential Witnesses and Their Probation Records Filed |
| | | and after hearing allowed. See 7 in 96CR 832 |
| | | Motion for Production of Department of Social Services Records-agreed. See |
| | | 8 in 96CR 832 |
| | | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | | Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in |
| | | 96CR 832 |

SA0024

| Date | Entry |
|---|---|
| 1996 | |
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and Promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. |
| June 20 | Borenstein,J. presiding: B.Vega, Court Stenographer |
| | Continued to July 16, 1996. |
| July 16 | Whitehead,J presiding: B.Vega, Court Stenographer |
| | Continued to August 19, 1996 for motions. |
| august 19 | Bohn,J. presiding: A.Green, Court Stenographer |
| | Continued to August 28, 1996 for motion to dismiss. |
| Sept 3 | Bohn,Jr.J., presiding: A.Green, Court Stenographer |
| | Continued to September 3, 1996 for motions. |
| Sept 6 | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| | Continued to September 26, 1996 for trial assignment. |
| Sept 26 | Bohn,Jr.J. presiding: K.Gordon, Court Stenographer |
| | Continued to December 9, 1996 for trial. |
| Sept 27 | Bohn,Jr.J., presiding: P.Flaherty, Court Stenographer |
| | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. |
| 1997 | Welch,J presiding: N.Hezelian, Court Stenographer |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. |
| March 17 | Bohn,Jr.J., presiding: |
| | Continued to March 25, 1997 for trial assignment. |
| March 25 | Cratsley.J., presiding: A.Green, Court Stenographer |
| | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Continued to May 27, 1997 for trial. |
| | Cratsley.J., presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, P.C. |
| | See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS.    Angel Rivera

96 No. CR. 837
PAGE two

| 1997 | |
|---|---|
| April 10 | Impounded Records from Childrens Hospital Received. See 28 in 9677CR 822 |
| April 14 | Impounded Records from Pediatric Professional Association Received. See 29 in 822 |
| April 30 | Impounded Records From Saints Memorial Medical Center Received See #30 in 9677CR-832 |
| May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| May 7 | Summons Issued. See 32 in 96CR 832 |
| May 16 | Motion to Continue Case filed after hearing and allowed. See #33 in 96CR 832. |
| | Continued to May 29, 1997 for Trial. |
| | Whitehead J., presiding: M. Hezekiah, Court Stenographer |
| May 23 | Motion for Funds for Expert-Allowed. (Whitehead, J.) See #34 in 96CR 832. |
| May 27 | Continued to May 29, 1997. |
| | Welch.J., presiding: M. Hezekiah, Court Stenographer |
| May 29 | Continued to June 2, 1997 at Lawrence for Trial. |
| | Cratsley, J., presiding: M. Hezekiah, Court Stenographer |
| | Impounded Records from Department of Social Services Received. See #35 in 96CR 832. |
| June 2 | Jury Trial Begins. |
| | Memo of Trial filed. See #36 in 96CR 832. |
| | Motion to Propound Questions to Prospective Jurors Individually filed. See #37 in 96CR 832. |
| | List of Potential Witnesses filed. See #38 in 96CR 832. |
| | Commonwealth's list of Potential Witnesses filed. See #39 in 96CR 832 |
| | Motion in limine: Request for Instruction on Fresh Complaint filed and Allowed See #40 in 96CR 832 |
| | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. See #41 in 96CR 832 |
| | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. See #42 in 96CR 832 |
| | Motion in limine: Alleged Bad Acts filed and Withdrawn upon representation that no such evidence will be elicited. See #43 in 96CR 832. |
| | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed. See #44 in 96CR 832. |
| | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for in-camera hearing is Allowed. See #45 in 96CR 832 |
| | Motion to Exclude "Expert" Testimony of Treating Physician filed. See #46 in 96CR 832 |
| | Commonwealth's Motion in limine filed and Referred to Context of Trial. See #47 in 96CR 832 |

SA0026

| 1997 | | |
|---|---|---|
| June 2 | | Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #48. |
| | | In 96CR 832. |
| | | Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in 96CR 832. |
| | | Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. See Commonwealth v. Sanchez. See #50 in 96CR 832. |
| | | Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. See #51 in 96CR 832. |
| | | Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in 96CR 832. |
| | | Motion in Limine - Disclosure filed and Denied. See #53 in 96CR 832. |
| | | Motion in Limine filed and Allowed. See #54 in 96CR 832. |
| | | Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. See #55 in 96CR 832. |
| | | Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832. |
| | | Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. See #57 in 96CR 832. |
| | | Bohn, J., presiding: E. Vega, Court Stenographer |
| June 4 | | Motion #46-Denied. (Bohn, J.) |
| | | Motion for Required Finding of Not Guilty at Close of Commonwealth's Case-after hearing, defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832. |
| June 5 | | Defendant's Request for Instruction filed. (Bohn, J.) See #59 in 96CR 832. |
| | | Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832. |
| June 6 | 4 | Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) See #61 in 96CR 832. |
| | 2 | VERDICT: Guilty of Indecent Assault and Battery upon a Child Under the Age of Fourteen Years. |
| | 3 | SENTENCE: Four (4) years to Five (5) years committed to Massachusetts Correctional Institution Cedar Junction; Concurrent with 96CR 832 and 96CR 834. Credit of Zero (0) Days. |
| | | All Fees and Assessments waived. |
| | | Notified Appeals 278/28 and Appellate Division. |
| | | Notified In Open Court Sex Offender Registry (Defendant refuses to sign the notice) |
| | | Notification Relative to Sex Offender Registration under Chapter 6 Section 178E(c). See #64 in 96CR 832. |
| | | Notice of Appeal filed. See #65 in 96CR 832. |
| | | Motion for Stay of Execution Pending Appeal filed and Denied. See #66 in 96CR 832 |
| | | Bohn, J., presiding: M. Parziale, Court Stenographer |
| June 10 | | Request for Transcript received. See #67 in 96CR 832. |

SA0027

9677CR 837
PAGE three

COMMONWEALTH VS.    ANGEL RIVERA

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| | 1997 | |
|---|---|---|
| | | Request for transcript form received from S. Jane Haggerty, ADA. See #70 in 96CR 832 |
| | July 14 | Peter M. Onek, Esq. appears for the defendant. See #71 in CR832 |
| | | Notice sent to B. Vega and M. Parziale to prepare transcripts. See #72 in CR832 |
| | | CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and M. Parziale, Court Stenographers. See #73 in CR832 |
| | Sept 3 | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer See #74 in 96CR 832 |
| | 1998 | |
| | Mar 17 | Transcripts received (4 volumes dated June 3, 4, 5, 6 of 1997) from M. Parziale Court stenographer.    See #75 in 96CR 832 |
| | April 15 | CERTIFICATE: Receipt of transcripts from the D.A's office (4 vols) See #76 in CR832 |
| | | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) See #77 in 96CR 832 |
| | 1999 | |
| | Jan 11 | Notice of Assignment of Counsel C2399270-6, Allison Beauparlant, Esq. CPCS assigned. See #79 in 96CR 832. |
| | April 7 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court.    See #80 in 96CR 832. |

SA0028

9677CR 0838

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

COMMONWEALTH VS.    ANGEL RIVERA

**OFFENSE:** Indecent Assault and Battery on a Child, Chap. 265, sec. 13B.

PLACE: Lawrence

**SURETY AND AMOUNT:**

**PROSECUTOR:** Antonia Nedder, A.D.A., Museum Place, 1 East India Sq. Mall, Salem 01970

**COUNSEL:** Committee for Public Counsel Services, 1 Salem Green, Salem 01970
Peter M. Onek, Esq., CPCS, 470 Atlantic Avenue, Suite 700, Boston, MA. 02210

**JUSTICE DISPOSING OF CASE:** Bohn, J.

| | | |
|---|---|---|
| 1996 Mar. 20 | 1 | INDICTMENT FILED: |
| April 11 | | Antonia Nedder, Assistant District Attorney, appears for the Commonwealth. |
| | | Jill Sellers, Esq., appointed and appears for the defendant. See 2 in 96CR 832 |
| | | Defendant waives reading of the indictment and pleads not guilty. |
| | | Defendant ordered to recognize Same Bail as District Court. |
| | | Continued to May 9, 1996. |
| | | Cowin,J. presiding: K.Gordon, Court Stenographer |
| April 12 | | Lawrence District Court Notified Re: Bail. See 3 in 96CR 832 |
| May 9 | | Continued to May 21, 1996. |
| | | Borenstein,J. presiding: M.Hezekiah, Court Stenographer |
| May 21 | | Pretrial Conference Report filed. See 5 in 96CR 832 |
| | | ORDER Re: 51A and 51B reports. (Borenstein,J.) See 6 in 96CR 832 |
| | | Motion for List of Potential Witnesses and Their Probation Records filed |
| | | and after hearing allowed. See 7 in 96CR 832 |
| | | Motion for Production of Department of Social Services Records-agreed. See |
| | | 8 in 96CR 832 |
| | | Motion for Discovery of Booking Sheet and Photographs-agreed. See 9 in 96CR 832 |
| | | Motion for Discovery of Statements of Defendant-agreed. See 10 in 96CR 832 |
| | | Motion for Exculpatory Evidence-agreed. See 11 in 96CR 832 |
| | | Motion for Discovery of Medical Evidence-agreed. See 12 in 96CR 832 |
| | | Motion for Disclosure of Miranda Card and Disclosure of Names of Officers |
| | | Present for Miranda Warnings and Defendant's Statements-agreed. See 13 in |
| | | 96CR 832 |

SA0029

| Date | Entry |
|---|---|
| 1996 | |
| May 21 | Motion for Disclosure of Prior and Subsequent Bad Acts-agreed. See 15 in 96CR 832 |
| | Motion for Rewards and promises-agreed. See 16 in 96CR 832 |
| | Motion for Discovery of Previous Interviews with Alleged Victim-agreed. See 17 in 96CR 832 |
| | Motion for Discovery of Physical Scientific and Expert Evidence-agreed. See 18 in 96CR 832 |
| | Continued to June 20, 1996. |
| | Borenstein,J. presiding: B.Vega, Court Stenographer |
| June 20 | Continued to July 16, 1996. |
| | Whitehead,J. Presiding: B.Vega, Court Stenographer |
| July 16 | Continued to August 19, 1996 for motions. |
| | Bohn,J. presiding: A.Green, Court Stenographer |
| August 19 | Continued to September 3, 1996 for motions. |
| | Bohn,Jr.,J. presiding: K.Gordon, Court Stenographer |
| Sept 3 | Continued to September 6, 1996 for motions. |
| | Bohn,Jr.,J. presiding: K.Gordon, Court Stenographer |
| Sept 6 | Continued to September 26, 1996 for trial assignment. |
| | Bohn,Jr.,J. presiding: K.Gordon, Court Stenographer |
| Sept 26 | Continued to December 9, 1996 for trial. |
| | Bohn,Jr.,J., presiding: P.Flaherty, Court Stenographer |
| Sept 27 | Motion for Discovery of Complainant's Relevant Counseling and Treatment History and Affidavit-allowed as amended. (Bohn,Jr.J.) See 20 in 96CR 832 |
| Nov 26 | Motion to Continue Case filed and after hearing allowed. See 21 in 96CR 832 |
| | Continued to February 3, 1997 for trial. |
| | Welch,J. presiding: M.Hezekiah, Court Stenographer |
| 1997 | |
| Jan 15 | Motion to Continue-Allowed. (Bohn,Jr.J.) See 22 in 96CR 832 |
| | Continued to March 17, 1997. |
| | Bohn,Jr.J., presiding: |
| March 17 | Continued to March 25, 1997 for trial assignment. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| March 25 | List of Potential Witnesses filed. See 23 in 96CR 832 |
| | Continued to May 27, 1997 for trial. |
| | Cratsley,J., presiding: A.Green, Court Stenographer |
| | ORDER to Produce Records issued to Department of Social Services. See 24 in 96CR 832 |
| | Order to Produce Records issued to Children's Hospital. See 25 in 96CR 832 |
| | Order to Produce Records issued to Pediatric Professional Associates, P.C. See 26 in 96CR 832 |
| | Order to produce Records issued to Saint's Memorial Medical Center. See 27 in 96CR 832 |

96 No.CR- 838
PAGE two

COMMONWEALTH VS. Angel Rivera

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

SA0031

| 1997 | |
|---|---|
| April 10 | Impounded Records from Childrens Hospital Received. See 28 in 9677CR 822 |
| April 14 | Impounded Records from Pediatric Professional Association Received. See 29 in 822 |
| April 30 | Impounded Records From Saints Memorial Medical Center Received See #30 in 9677CR-832 |
| May 6 | Motion for Indigent Summons filed and after hearing ALLOWED. See 31 in 96CR 832 |
| May 7 | Summons Issued. See 32 in 96CR 832 |
| May 16 | Motion to Continue Case filed after and allowed. See #33 in 96CR 832 |
| | Continued to May 29, 1997 for Trial. |
| | Whitehead, J., presiding: M. Hezekiah, Court Stenographer |
| May 23 | Motion for Funds for Expert-Allowed. (Whitehead, J.) See #34 in 96CR 832. |
| May 27 | Continued to May 29, 1997. |
| | Welch, J., presiding: M. Hezekiah, Court Stenographer |
| May 29 | Continued to June 2, 1997 at Lawrence for Trial. |
| | Cratsley, J., presiding: M. Hezekiah, Court Stenographer |
| | Impounded Records from Department of Social Services Received. See #35 in 96CR 832. |
| June 2 | Jury Trial Begins. |
| | Memo of Trial filed. See #36 in 96CR 832. |
| | Motion to Propound Questions to Prospective Jurors Individually filed. See #37 in 96CR 832. |
| | List of Potential Witnesses filed. See #38 in 96CR 832. |
| | Commonwealth's List of Potential Witnesses filed. See #39 in 96CR 832. |
| | Motion in Limine: Request for Instruction on Fresh Complaint filed and Allowed. See #40 in 96CR 832. |
| | Motion for Voir Dire on Fresh Complaint and Memorandum filed and Allowed. See #41 in 96CR 832. |
| | Motion for Voir Dire of Fresh Complaint Witnesses filed and Allowed. See #42 in 96CR 832. |
| | Motion in Limine: Alleged bad Acts filed and Withdrawn upon representation that no such evidence will be elicited. See #43 in 96CR 832. |
| | Memorandum in Support of Defendant's Motion to Exclude Evidence of Prior Bad Acts filed. See #44 in 96CR 832. |
| | Motion for an In-Camera hearing on the Admission of Evidence filed and Motion for in-camera hearing is Allowed. See #45 in 96CR 832. |
| | Motion in Limine to Exclude "Expert" Testimony of Treating Physician filed. See #46 in 96CR 832. |
| | Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #47 in 96CR 832. |

| 1997 | | |
|---|---|---|
| June 2 | | Commonwealth's Motion in Limine filed and Referred to Context of Trial. See #48 in 96CR 832. |
| | | Motion in Limine to Exclude the term "Victim" filed and Allowed. See #49 in 96CR 832. |
| | | Motion for Bill of Particulars-after hearing, defendant's Motion is Denied. See Commonwealth V. Sanchez. See #50 in 96CR 832. |
| | | Motion to Dismiss, Affidavit and Memorandum of Law-After hearing Motion is Denied. See #51 in 96CR 832. |
| | | Motion for Sequestration of Witnesses During Trial filed and Allowed. See #52 in 96CR 832. |
| | | Motion in Limine - Disclosure filed and Denied. See #53 in 96CR 832. |
| | | Motion in Limine filed and Allowed. See #54 in 96CR 832 |
| | | Motion in Limine to Exclude Medical Records filed and Referred to Context of Trial. See #55 in 96CR 832. |
| | | Motion in Limine Re: Opinion of Guilt filed and Allowed. See #56 in 96CR 832. |
| | | Motion in Limine to Limit Number of Fresh Complaint Witnesses filed and Allowed to the extent that the Commonwealth will be limited to Two fresh complaint witnesses. See #57 in 96CR 832. |
| | | Bohn, J. presiding; B. Vega, Court Stenographer |
| June 4 | | Motion #46-Denied. (Bohn, J.) |
| | | Motion for Required Finding of Not Guilty at Close of Commonwealth's Case-after hearing, defendant's Motion is Denied. (Bohn, J.) See #58 in 96CR 832. |
| | | Defendant's Request for Instruction filed. See #59 in 96CR 832. |
| June 5 | | Commonwealth's Request for Jury Instructions filed. See #60 in 96CR 832. |
| | | Motion for Required Finding of Not Guilty at Close of All the Evidence filed and Denied. (Bohn, J.) See #61 in 96CR 832. |
| June 6 | 2 | VERDICT: Guilty of Indecent Assault and Battery on a Child Under the Age of Fourteen Years. |
| | 3 | SENTENCE: Four (4) years to Five (5) years committed to Massachusetts Correctional Institution Cedar Junction; Concurrent with 96CR 832, 96CR 834 and 96CR 837. Credit of Zero (0) Days. |
| | | All Fees and Assessments waived. |
| | | Notified Appeals 278/28 and Appellate Division. |
| | | Notified in Open Court Sex offender Registry (Defendant refuses to sign the notice.) |
| | | Notification Relative to Sex Offender Registration under Chapter 6 Section 178D(c).) See #64 in 96CR 832. |
| | | Notice of Appeal filed. See #65 in 96CR 832. |
| | | Motion for Stay of Execution Pending Appeal filed and Denied. |
| | | Bohn, J. presiding; M. Parziale, Court Stenographer |

SA0032

9677 No. CR-838
PAGE three

COMMONWEALTH VS. ANGEL RIVERA

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| | |
|---|---|
| **1997** | |
| June 10 | Request for Transcript Received. See #67 in 96CR 832. |
| | Request for transcript form received from S. Jane Haggerty, ADA. See #70 in 96CR 832 |
| July 14 | Peter M. Onek, Esq. appears for the defendant. See #71 in CR832 |
| | Notice sent to B. Vega and M. Parziale to prepare transcripts. See #72 in CR832 |
| | CERTIFICATE of First Assistant Clerk re: Order of transcripts to B. Vega and M. Parziale, Court Stenographers. See #73 in CR832 |
| Sept 3 | Transcript received (1 volume dated 6/2/97) from B. Vega, Court Stenographer See #74 in 96CR 832 |
| **1998** | |
| Mar 17 | Transcripts received (4 volumes dated June 3, 4, 5, 6 of 1997) from M. Parziale, Court stenographer. See #75 in 96CR 832 |
| April 15 | CERTIFICATE: Receipt of transcripts from the D.A's office (4 vols) See #76 in CR832 |
| | CERTIFICATE: Receipt of transcripts from CPCS (4 volumes) See #77 in 96CR 832 |
| **1999** | |
| Jan 11 | Notice of Assignment of Counsel C2399270-6, Allison Beauparlant, Esq. CPCS assigned. See #79 in 95CR 832. |
| April 7 | Notice of Assembly of Record and transcripts transmitted to the Appeals Court. See #80 in 96CR 832. |

SA0033

# Commonwealth of Massachusetts
# ESSEX SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Rivera, Angel

Details for Docket: ESCR1996-00832

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCR1996-00832 | **Caption:** | Commonwealth v Rivera, Angel |
| **Entry Date:** | 03/20/1996 | **Case Status:** | CtRm 1 (Salem) |
| **Status Date:** | 09/16/2004 | **Session:** | Disposed (appeal denied) |
| **Lead Case:** | NA | **Deadline Status:** | |
| **Trial Deadline:** | | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: ESCR1996-00832

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Rivera | **First Name:** | Angel |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

No Attorneys found for Docket: ESCR1996-00832.

SA0034

Case 1:05-cv-10629-JLT    Document 9-2    Filed 04/26/2005    Page 11 of 26

There are currently no attorneys associated with this case.

## Calendar Events

No Calendar Events found for Docket: ESCR1996-00832.

There are currently no calendar events associated with this case.

## Full Docket Entries

45 Docket Entries for Docket: ESCR1996-00832

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 03/20/1996 | 1 | Indictment returned |
| 06/06/1997 | | RE Offense 1:Guilty verdict |
| 06/06/1997 | | RE Offense 2:Guilty verdict |
| 06/06/1997 | | RE Offense 3:Guilty verdict |
| 06/06/1997 | | RE Offense 4:Guilty verdict |
| 06/06/1997 | | RE Offense 5:Not guilty verdict |
| 06/06/1997 | | RE Offense 6:Guilty verdict |
| 06/06/1997 | | RE Offense 7:Guilty verdict |
| 09/16/2000 | 81 | Status at conversion |
| 09/18/2001 | 82 | Rescript received from Appeals Court; judgment affirmed Dated August |
| 09/18/2001 | 82 | 20, 2001    Nov. 20, 2001 |
| 01/30/2002 | 83 | AMENDED SENTENCE: 96-832 - Eight Years to Eight Years (8) and One (1) |
| 01/30/2002 | 83 | Day Committed to the Massachusetts Correctional Institution Cedar |
| 01/30/2002 | 83 | Junction. Credit of 8 Days |
| 01/30/2002 | 84 | AMENDED SENTENCE: 96-834 - Eight Years to Eight Years (8) and One (1) |
| 01/30/2002 | 84 | Day Committed to the Massachusetts Correctional Institution Cedar |
| 01/30/2002 | 84 | Junction. Concurrent with 96-832 Credit of 8 Days |
| 01/30/2002 | 85 | AMENDED SENTENCE: 96-837 - Eight Years to Eight Years (8) and One (1) |
| 01/30/2002 | 85 | Day Committed to the Massachusetts Correctional Institution Cedar |
| 01/30/2002 | 85 | Junction. Concurrent with 96-832 Credit of 8 Days |
| 01/30/2002 | 86 | AMENDED SENTENCE: 96-838 - Eight Years to Eight Years (8) and One (1) |
| 01/30/2002 | 86 | Day Committed to the Massachusetts Correctional Institution Cedar |
| 01/30/2002 | 86 | Junction. Concurrent with 96-832 Credit of 8 Days |
| 12/18/2002 | 87 | Motion for Defendant to Receive Jail Credit Filed. Copy of Amended |
| 12/18/2002 | 87 | Mit Sent to Defendant with Jail Credit on it |
| 02/24/2003 | 88 | Motion by Deft: For Release From Unlawful Restraint Pursuant To Rule |

**SA0035**

| 02/24/2003 | 88 | 30(A), Memorandum of Law and Points Of Authority In Support Of and |
| 02/24/2003 | 88 | Affidavit. - Filed. copy of motion and docket sheets to Judge Bohn. |
| 02/24/2003 | 89 | Motion by Deft: For Appointment of Counsel - Filed. copy of motion |
| 02/24/2003 | 89 | and docket sheets to Judge Bohn. |
| 03/11/2003 | 90 | Request by Records Department at MCI Shirley for copy of amended |
| 03/11/2003 | 90 | mittimus, sent print-out which they OK'd. |
| 03/27/2003 | | Motion (P#88): Denied without a hearing as provided for by Mass R. |
| 03/27/2003 | | Crim. P. 30(c)(3). See endorsement (Bohn, Justice). Copies mailed |
| 03/27/2003 | | 4/1/03 |
| 03/27/2003 | | Motion (P#89): Denied absent a more specific showing (Bohn, Justice). |
| 03/27/2003 | | Copies mailed 4/1/03 |
| 04/09/2003 | 91 | NOTICE of APPEAL FILED by Angel Rivera |
| 08/18/2003 | 92 | Motion by Deft: to transmit appeal papers. |
| 09/23/2003 | 93 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 09/23/2003 | | Notice of completion of assembly of record sent to clerk of Appeals |
| 09/23/2003 | | Court and attorneys for the Commonwealth and defendant. |
| 09/25/2003 | 94 | Notice of Entry of appeal received from the Appeals Court |
| 09/16/2004 | 95 | Rescript received from Appeals Court; Order Denying Relief judgment |
| 09/16/2004 | 95 | AFFIRMED |

## Charges

7 Charges for Docket: ESCR1996-00832

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | Rape & abuse of child under 16 | ESCR1996-00834 | Guilty verdict |
| 2 | Rape & abuse of child under 16 | ESCR1996-00832 | Guilty verdict |
| 3 | Rape & abuse of child under 16 | ESCR1995-00836 | Not guilty verdict |
| 4 | Rape & abuse of child under 16 | ESCR1996-00835 | Guilty verdict |
| 5 | Rape & abuse of child under 16 | ESCR1996-00833 | Guilty verdict |
| 6 | Indecent assault & battery on child under 14 | ESCR1996-00837 | Guilty verdict |
| 7 | Indecent assault & battery on child under 14 | ESCR1996-00838 | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

753 N.E.2d 823, 52 Mass.App.Ct. 321, Com. v. Rivera, (Mass.App.Ct. 2001)                **Page 1**

**\*823** 753 N.E.2d 823

52 Mass.App.Ct. 321

Appeals Court of Massachusetts,
Essex.

**COMMONWEALTH**
v.
**Angel RIVERA.**

**No. 99-P-591.**
Argued Dec. 11, 2000.

Decided Aug. 20, 2001.

Defendant was convicted in the Superior Court Department, Essex County, Robert H. Bohn, J., of four counts of rape of a child and two counts of indecent assault and battery upon a child. Defendant appealed. The Appeals Court, Duffly, J., held that: (1) trial judge acted within his discretion in excluding certain evidence during cross-examination of victim; (2) trial judge properly limited defendant's cross-examination of victim by excluding questions about allegations made by victim to her teacher; (3) prosecutor did not improperly vouch for victim's credibility during closing argument; (4) prosecutor did not misstate victim's testimony during closing argument; (5) improper closing comment made by prosecutor was not prejudicial error; and (6) prosecutor's improper attack on character of defense witness did not create substantial likelihood of miscarriage of justice.

Affirmed.

Brown, J., concurred with opinion.

West Headnotes

[1]   Witnesses ⚖➞270(2)

   410 ----
      410III Examination
      410III(B) Cross-Examination
      410k270 Cross-Examination as to Irrelevant, Collateral, or Immaterial Matters
      410k270(2) Particular Matters as Subjects of Cross-Examination.

Trial judge acted within his discretion, during defendant's cross-examination of victim in prosecution for rape of a child, in excluding statement in victim's medical record which was dated before defendant's alleged sexual abuse began, purporting to establish that

victim had previously disclosed a sexual assault to her doctor and that her mother knew about it, though defendant argued that such evidence refuted victim's claim that she had been too ashamed to report defendant's abuse earlier.

[2]   Criminal Law ⚖➞338(1)

   110 ----
      110XVII Evidence
      110XVII(D) Facts in Issue and Relevance
      110k338 Relevancy in General
      110k338(1) In General.

Whether evidence is legally relevant is a question which is generally left to the discretion of the trial judge.

[3]   Criminal Law ⚖➞661

   110 ----
      110XX Trial
      110XX(C) Reception of Evidence
      110k661 Necessity and Scope of Proof.

It is within the judge's discretion to exclude evidence that is too remote in time or too speculative.

[4]   Witnesses ⚖➞372(2)

   410 ----
      410IV Credibility and Impeachment
      410IV(C) Interest and Bias of Witness
      410k372 Cross-Examination to Show Interest or Bias
      410k372(2) Inquiry as to Particular Acts or Facts Tending to Show Interest or Bias.

   [See headnote text below]

[4]   Witnesses ⚖➞374(2)

   410 ----
      410IV Credibility and Impeachment
      410IV(C) Interest and Bias of Witness
      410k374 Competency of Impeaching Evidence
      410k374(2) Declarations, Statements, or Admissions of Witness.

Trial judge properly limited defendant's cross-examination of victim, in prosecution for rape of a child, by excluding questions about victim's alleged report to her teacher that her mother had been neglecting her and that she wanted to be removed from her mother's house, though defendant argued this

© 2005 Thomson/West. No claim to original U.S. Govt. works.

evidence showed victim had motive to lie about defendant's abuse in order to get out of her mother's house which defendant shared; there was insufficient showing of nexus between evidence and defense theory of fabrication, and significant amount of time had passed since victim's report to teacher.

[5]    Criminal Law ☞1171.1(2.1)

    110 ----
      110XXIV Review
    110XXIV(Q) Harmless and Reversible Error
    110k1171 Arguments and Conduct of Counsel
    110k1171.1 In General
    110k1171.1(2)    Statements    as    to    Facts, Comments, and Arguments
      110k1171.1(2.1) In General.

When a defendant objects to the prosecutor's statements made during a closing argument, the standard for determining whether a conviction must be reversed because of inappropriate statements is whether the improper statements made by the prosecutor constituted prejudicial error.

[6]    Criminal Law ☞720(5)

    110 ----
      110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k712 Statements as to Facts, Comments, and Arguments
    110k720 Comments on Evidence or Witnesses
      110k720(5)    Credibility    and    Character    of Witnesses.

Prosecutor did not improperly vouch for victim's credibility when he commented, during closing argument in trial for rape of a child, that victim did not "have to subject herself to the humiliation of talking to countless strangers about horribly embarrassing personal experiences in her young life"; prosecutor was entitled to argue from the evidence why the victim should be believed, given that victim's credibility was at issue, and prosecutor later put his argument in context.

[7]    Criminal Law ☞726

    110 ----
      110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k726 Responsive Statements and Remarks.

During closing argument in defendant's trial for rape

of a child, prosecutor did not misstate victim's testimony about her mother's actions when he commented about what victim's testimony likely meant, in response to defendant's argument that victim had lied when "she said[] her mother raped her" or when he summarized victim's testimony on this subject.

[8]    Criminal Law ☞719(1)

    110 ----
      110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k712 Statements as to Facts, Comments, and Arguments
    110k719 Matters Not Sustained by Evidence
      110k719(1) In General.

    [See headnote text below]

[8]    Criminal Law ☞730(7)

    110 ----
      110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k730 Action of Court
    110k730(7) Matters Not Sustained by Evidence.

Prosecutor's comment during closing argument, in trial for rape of a child, that victim's mother could have gotten ride to victim's counseling sessions from one of the "fifteen or so people sitting in the back of the courtroom" was improper, where there was nothing in the evidence to suggest that any of the people sitting in the courtroom were among those victim's mother had asked for a ride, but comment was not prejudicial error; judge instructed jury that closing argument was not evidence and that jurors were responsible for assessing credibility of evidence, and prosecutor's comment went only to collateral issue of possible bias of victim's mother.

[9]    Criminal Law ☞726

    110 ----
      110XX Trial
    110XX(E) Arguments and Conduct of Counsel
    110k726 Responsive Statements and Remarks.

Prosecutor's comments, during closing argument in trial for rape of a child, that victim's mother was in "denial" about defendant's actions and that victim's mother "didn't want to believe" what was going on constituted appropriate response to defense counsel's closing argument that victim's mother was credible witness based on her tearful denials that she had ever

© 2005 Thomson/West. No claim to original U.S. Govt. works.

753 N.E.2d 823, 52 Mass.App.Ct. 321, Com. v. Rivera, (Mass.App.Ct. 2001)                          **Page 3**

seen defendant touch her daughter in sexual way.

[10]  Criminal Law ☜720(5)

    110 ----
        110XX Trial
        110XX(E)  **\*823**  Arguments and Conduct of
Counsel
        110k712 Statements as to Facts, Comments, and
Arguments
        110k720 Comments on Evidence or Witnesses
        110k720(5)  Credibility and Character of
Witnesses.

    [See headnote text below]

[10]  Criminal Law ☜1037.1(2)

    110 ----
        110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
        110XXIV(E)1 In General
        110k1037 Arguments and Conduct of Counsel
        110k1037.1 In General
        110k1037.1(2)  Particular  Statements,
Arguments, and Comments.

Prosecutor improperly attacked character of defense witness, during closing argument in trial for rape of a child, when he called the witness "nothing more than a seventeen-year-old punk" and a "stooge," but such comment did not create a substantial likelihood of a miscarriage of justice, in light of prosecutor's argument as a whole, judge's instructions to jury, and evidence produced at trial.

[11]  Criminal Law ☜1037.1(1)

    110 ----
        110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
        110XXIV(E)1 In General
        110k1037 Arguments and Conduct of Counsel
        110k1037.1 In General
        110k1037.1(1)  Arguments and Conduct in
General.

Defendant's failure to object at trial to certain comments made by prosecutor during closing argument limited the inquiry of the Appeals Court to whether the comments created a substantial likelihood of a miscarriage of justice.

[12]  Criminal Law ☜1037.1(1)

    110 ----
        110XXIV Review
        110XXIV(E) Presentation and Reservation in
Lower Court of Grounds of Review
        110XXIV(E)1 In General
        110k1037 Arguments and Conduct of Counsel
        110k1037.1 In General
        110k1037.1(1)  Arguments and Conduct in
General.

In analyzing whether prosecutor's closing remarks created a substantial likelihood of a miscarriage of justice, the Appeals Court must view the prosecutor's remarks considering the argument as a whole, the judge's instructions to the jury, and the evidence produced at trial.

   **\*824**  Allison Young Beauparlant, Haverhill, for the
defendant.

   James A. Janda, Assistant District Attorney, for the
Commonwealth.

   Present BROWN, GILLERMAN & DUFFLY, JJ.

   **\*825**  DUFFLY, J.

Convicted by a Superior Court jury of four counts of rape of a child and two counts of indecent assault and battery upon a child, the defendant appeals, claiming evidence should have been admitted that the complaining witness had made a **[52 Mass.App.Ct. 322 ]** prior allegation of sexual assault, that his cross-examination of her was impermissibly restricted, and that the Commonwealth's closing argument was improper in several respects. We affirm the judgments.

According to the testimony of the complaining witness, Jane, (FN1) in January of 1990, the defendant--who had been living with Jane, her mother, and two sisters since Jane was very young, and to whom she referred throughout the trial as her "stepfather"--began coming into her bedroom late at night, after arriving home from work. Born on October 22, 1981, Jane was nine years old when the defendant began to kiss and lick or suck her "titties."   Some weeks later, the defendant began to put his hands in her pants and his finger in her vagina;  he also licked and put his tongue into her vagina. Jane testified that the sexual encounters, which "shocked and scared" her, took place approximately twice each week, continuing until just before her fourteenth birthday.  During the encounters, Jane said she would sometimes move or

© 2005 Thomson/West. No claim to original U.S. Govt. works.

753 N.E.2d 823, 52 Mass.App.Ct. 321, Com. v. Rivera, (Mass.App.Ct. 2001)                    **Page 4**

turn away, but that the defendant persisted. A few times, Jane called out "Mommy." Sometimes the sexual encounters occurred while her little sister slept in the same bed as Jane, and Jane would try to kick or nudge her awake. If her sister woke up, and on one occasion when her mother came into the bedroom, the defendant would pretend he was just checking on them.

The final incident occurred in October of 1995, when, according to Jane's testimony, the defendant "put his penis in me--He pulled my pants down, and he tried to put his penis in me, and I moved." Jane said the defendant's penis was "touching my vagina," that he pushed down once or twice, and that "[i]t hurt a little bit." Just after her fourteenth birthday, Jane and the defendant had a conversation during which he asked her if she "liked what he did to [her] at nighttime." Jane testified, "I told him, 'No' and to stop. And he said, 'Okay.' And he got mad and he left." After this conversation, the defendant did not sexually touch Jane again.

Jane told no one of these incidents until around the third week of January, 1996, when she confided in her best friend, [52 Mass.App.Ct. 323] who then relayed to an adult what Jane had told her. The defendant was arrested the next day.

There was no direct evidence corroborating Jane's testimony. The theory of defense was that Jane fabricated the story of sexual abuse because she resented the restrictions placed upon her by her mother and the defendant, and wished to live with her father where she was allowed to come in late, have friends over, and, most significantly, have a boyfriend. Defense counsel, expanding on this theory, argued in closing that when a person, who may have been related to the defendant, saw Jane being hugged by a boy and yelled to her that, "He's not supposed to be hugging you," Jane decided to leave her mother's house and to fabricate the tale of sexual abuse in order to accomplish this goal. She then told her best friend about the sexual abuse in order to test out her story, and so that her friend would tell others.

[1][2][3] *Exclusion of evidence.* During cross-examination of Jane, the defendant **\*826** sought to introduce a statement in Jane's medical record dated October 1, 1988, that purported to establish that Jane had previously disclosed a sexual assault to her doctor, and that her mother knew about it. (FN2) The defendant argues that the evidence was relevant to refuting Jane's claim that she had not disclosed the defendant's abuse earlier because she felt ashamed to do so. The defendant "fails to support his ... argument[

] [that it was error to exclude the hearsay statement] with any case or statutory law." *Commonwealth v. Hrycenko,* 417 Mass. 309, 319, 630 N.E.2d 258 (1994) . See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any case, "[w]hether evidence is legally relevant is a question which is generally left to the discretion of the trial judge." *Commonwealth v. Chasson,* 383 Mass. 183, 187, 423 N.E.2d 306 (1981). It is within the judge's discretion to exclude evidence that is too remote in time or too speculative, *Commonwealth v. Freeman,* 430 Mass. 111, 116, 712 N.E.2d 1135 (1999), and, here, the trial judge did not abuse his discretion.

[4] [52 Mass.App.Ct. 324] *Restriction on cross-examination.* The defendant next claims it was error to exclude questions on cross-examination of Jane about an allegation she made to a teacher that her mother had been neglecting her and that she wanted to be removed from the house. Jane allegedly made this accusation when she was eight years old, i.e., "at the time that [the abuse] allegedly was beginning." According to defense counsel, "when no one believed her, she was returned to the home. And she admitted that she lied, and she was returned to the home." The defendant argues that the evidence went to the heart of Jane's motive to lie, i.e., her previous fabrication not having been enough to get her out of the defendant's house, she now had to come up with a stronger scenario, one not directed at her mother, to do the job. The defendant claims that the exclusion impermissibly curtailed his cross-examination of Jane.

We think that there was not a sufficient showing of a nexus between the excluded evidence and the defense's theory of fabrication, and that "this lack of linking evidence, together with what was in the circumstances a significant passage of time, provided sufficient grounds for the judge in his discretion to exclude [the questions] as lacking probative value." *Commonwealth v. Chasson,* 383 Mass. at 187, 423 N.E.2d 306. Cf. *Commonwealth v. Herrick,* 39 Mass.App.Ct. 291, 295, 655 N.E.2d 637 (1995) (absence evidence or basis for inquiry, it was proper to limit cross-examination of rape victim and her friend regarding a statement allegedly made by the victim to her friend that she feared a physical examination to establish her virginity; judge was warranted in concluding that such cross-examination "would only invite the jury 'to indulge in conjecture and supposition' "). There was no error.

*Improper closing argument.* The defendant claims that various statements made by the prosecutor in closing argument constituted improper vouching for the

© 2005 Thomson/West. No claim to original U.S. Govt. works.

victim's credibility, misstated evidence, suggested facts not in evidence, and attacked the character of a witness. The defendant preserved some of these claims by objecting at trial.

[5] "When a defendant objects to the prosecutor's statements made during a closing argument, the standard for determining **\*827** whether a conviction must be reversed because of inappropriate statements is whether the improper statements made by the [52 Mass.App.Ct. 325] prosecutor 'constituted prejudicial error.' " *Commonwealth v. Rosario,* 430 Mass. 505, 515, 721 N.E.2d 903 (1999), quoting from *Commonwealth v. Daggett,* 416 Mass. 347, 352 n. 5, 622 N.E.2d 272 (1993).

[6] a. *Vouching for witness's credibility.* The defendant objected at trial to the prosecutor's comment regarding Jane's testimony, that "[s]he didn't have to subject herself to the humiliation of talking to countless strangers about horribly embarrassing personal experiences in her young life."

The statement made by the prosecutor is similar to one discussed in *Commonwealth v. Krepon,* 32 Mass.App.Ct. 945, 590 N.E.2d 1165 (1992), that we concluded did not constitute improper vouching. There, the prosecutor's closing argument included this comment on the victim's testimony: "What reason would [the victim] have to come into this courtroom, stand on that witness stand, and testify before fourteen people about all of this if this were pure fantasy ... ? What is her motive?" *Commonwealth v. Krepon,* 32 Mass.App.Ct. at 946, 590 N.E.2d 1165. Here, because the complainant's credibility was at issue, the prosecutor was entitled to "argue from the evidence why a witness should be believed." *Commonwealth v. Freeman,* 430 Mass. at 119, 712 N.E.2d 1135 (citations omitted). Further the prosecutor put the argument in context by stating, "[n]ow, it is up to you to decide, in a few moments, after the judge gives you some instructions, you are going to have a chance, for the first time, ... to decide this case on the facts and evidence that you heard." Cf. *Commonwealth v. Krepon,* 32 Mass.App.Ct. at 946-947, 590 N.E.2d 1165.

[7] b. *Misstatement of evidence.* During closing argument, counsel for the defendant, pointing to alleged inconsistencies in Jane's testimony, said that Jane had lied when "she said[ ] her mother raped her. She put her fingers inside of her vagina," and that Jane had not previously told anyone that her mother had put her fingers inside of her, suggesting that Jane was not credible. The prosecutor responded in his closing to

this characterization of the evidence (FN3) by arguing: "Was **\*828** she suggesting, in some way, that her mother was raping her? Ladies and [52 Mass.App.Ct. 326] gentleman, common sense; what is your memory of that? What she was saying was, 'My mother saw something. It was weird. I don't know why she was doing what she was doing, but she put her hands in my pants.' " The prosecution's appeal to the jury to use "common sense," and his characterization of what Jane's testimony likely meant, was a rhetorical device, and in the context of the entire argument, was not improper. See *Commonwealth v. Snyder,* 10 Mass.App.Ct. 896, 409 N.E.2d 814 (1980).

The prosecutor's earlier summary of Jane's testimony in this regard was also not a misstatement. The prosecutor said that Jane had testified, "I don't know what my mother saw. All I know is, after he left the room, my mother came over and put her hands in my pants," and that she had denied, in cross-examination, saying her mother had put her fingers in her vagina, that she had put them in her pants. The jury could not have been misled into thinking that the prosecutor was giving them a verbatim quote of Jane's statements. This was not an inaccurate summary of the testimony, and it was permissible for the prosecutor to focus on those aspects of Jane's somewhat equivocal statements regarding her mother's actions. Further, the judge instructed the jury to consider only the evidence introduced at trial, and the prosecutor's comments did not impinge on their prerogative to weigh the evidence. See, e.g., *Commonwealth v. Kozec,* 399 Mass. 514, 517, 505 N.E.2d 519 (1987) ("A certain [52 Mass.App.Ct. 327] measure of jury sophistication in sorting out excessive claims on both sides fairly may be assumed"); *Commonwealth v. Azar,* 32 Mass.App.Ct. 290, 308, 588 N.E.2d 1352 (1992) (evidence misquoted, but error harmless because we assume some measure of jury sophistication in ability to sort out hyperbole and speculation).

[8] c. *Facts not in evidence.* The defendant claims that the prosecutor made two arguments that were not based on evidence at trial. The defendant preserved below his claim that the prosecutor impermissibly argued at closing that Jane's mother could have gotten a ride to Boston for her daughter's counseling sessions from one of the "fifteen or so people sitting in the back of the courtroom." (FN4)

We agree that the prosecutor's statement strayed beyond the logical conclusions that are permissible to draw from testimony submitted at trial. *Commonwealth v. Freeman,* 430 Mass. at 118-119, 712 N.E.2d 1135. There was nothing in the evidence

© 2005 Thomson/West. No claim to original U.S. Govt. works.

753 N.E.2d 823, 52 Mass.App.Ct. 321, Com. v. Rivera, (Mass.App.Ct. 2001)          **Page 6**

to suggest that any of the people sitting in the courtroom were among those Jane's mother had asked for a ride. We note, however, that the judge instructed the jury both at the outset of trial and in his charge that a closing argument is not evidence and that the jurors were responsible for assessing the credibility of the evidence. *Commonwealth v. Thomas,* 401 Mass. 109, 117, 514 N.E.2d 1309 (1987). Further, the comment did not go to the heart of the matter, but only to a collateral issue, i.e., that of possible bias of Jane's mother, *Commonwealth v. *829 Kozec,* 399 Mass. at 518, 505 N.E.2d 519, To view preceding link please click here  and did not prejudice the defendant.

[9] The defendant also claims prejudice from the prosecutor's statements that Jane's mother was in "denial" and that "she must have seen something. She could have realized what was going on, but she didn't want to believe it." The defendant did not raise this issue below.

[52 Mass.App.Ct. 328] The prosecutor's comment was an appropriate response to the closing argument of defense counsel, in which defense counsel argued that Jane's mother was a credible witness in part based on her tearful denials in response to his questions as to whether she had ever seen the defendant touch her daughter in a sexual way. The prosecutor's argument was grounded in the evidence, and permissibly focused the jury on the issue of her credibility. *Commonwealth v. Freeman,* 430 Mass. at 119, 712 N.E.2d 1135.

[10] *d. Attack on character of witness.* Also for the first time on appeal, the defendant raises the additional claim that the prosecutor's closing argument went too far by calling one of the defense witnesses, "nothing more than a seventeen-year-old punk; ... a stooge who was brought in here; that he wouldn't know the truth about what was going on in that household, if it hit him across the face." The prosecutor's comment was in reference to the testimony of Jose Binet, who, testifying for the defense, said that after hearing about Jane's allegations from his mother, had approached Jane in the school cafeteria, asked her whether the defendant "ha[d] sex with her" and that she had replied, "No." The defendant argues that the prosecutor's statements consisted of an attack on the character of the witness and that there was no evidence supporting the statements that Jose was a "punk" or a "stooge."

[11][12] The prosecutor's closing argument went too far. We have cautioned counsel for the Commonwealth to avoid prejudicial name-calling. *Commonwealth v. Mosley,* 6 Mass.App.Ct. 451, 452-453, 377 N.E.2d 435 (1978) (referring to the

defendant as a "wild animal"). See *Commonwealth v. Clary,* 388 Mass. 583, 592, 447 N.E.2d 1217 (1983). Because the defendant failed to object to these statements at trial, our inquiry is limited "to whether they created a substantial likelihood of a miscarriage of justice." *Commonwealth v. Carmona,* 428 Mass. 268, 273, 700 N.E.2d 823 (1998). "In making this analysis we must view the prosecutor's remarks 'considering the argument as a whole, the judge's instructions to the jury, and the evidence produced at trial.' " *Ibid.* On this basis, we conclude there was no substantial risk of a miscarriage of justice.

*Judgments affirmed.*

[52 Mass.App.Ct. 329] BROWN, J. (concurring).

Although I still adhere to the views set out in my dissent in *Commonwealth v. Dowdy,* 36 Mass.App.Ct. 495, 501-503, 633 N.E.2d 419 (1994), (Brown, J., dissenting), I concur, albeit reluctantly, only because I am "substantially confident that, if the [unbridled comments] had not been made, the jury verdict would have been the same." *Commonwealth v. Cyr,* 433 Mass. 617, 626, 744 N.E.2d 1082 (2001) (citation omitted).

The instant case pushes the outer limits of what this court found permissible in *Commonwealth v. Krepon,* 32 Mass.App.Ct. 945, 946, 590 N.E.2d 1165 (1992). I repeat my usual refrain: It is long past time for attorneys, both defense and prosecution, to have to be reminded not to stray recklessly outside the bounds of proper argument. In this regard, see *Commonwealth v. Redmond,* 370 Mass. 591, 597, 351 N.E.2d 501 (1976) , where *830. twenty-five years ago* the court reversed and admonished a "prosecutor [who] repeatedly and deliberately sailed unnecessarily close to the wind."

(FN1.) The name is fictitious.

(FN2.) The medical record is handwritten and some words are not legible. The relevant paragraph is set out as follows: "[illegible] No serious illnesses/ accidents 0 allergies 0 meds, [illegible] dentist. Discussed SA--['no' or 'wo' or 'uo']--little boy in school last yr touched her--mom raised a fuss. PE Totally [illegible]."

(FN3.) During direct testimony, Jane stated that, at a point during the period the defendant was coming into her room at night and sexually touching her, her mother walked into the bedroom while the defendant was licking her vagina. The defendant pretended that he "was just checking on [her]," and left the

© 2005 Thomson/West. No claim to original U.S. Govt. works.

753 N.E.2d 823, 52 Mass.App.Ct. 321, Com. v. Rivera, (Mass.App.Ct. 2001)                    **Page 7**

room, while her mother "pretend[ed] that she didn't see." Jane testified that her mother then came over and "laid down in the bed with me, and she put her hand inside my pants. I don't know what she was doing. She, like, put her fingers in my vagina. She just, like, touched it. I don't know what she did. Then, she just left." When asked on cross-examination whether her mother had put her fingers in Jane's vagina, she said "Not inside of me. I didn't mean inside of me. I mean, she touched me." The prosecutor then asked, "Okay. But, you said, yesterday, that she put her fingers in your vagina?" Jane answered, "Yes."

We adhere to the notion that counsel for *both* parties may not engage in prejudicial characterizations of evidence, or argue conclusions not logically drawn from the evidence at trial. See Smith, Criminal Practice and Procedure §§ 1860-1868 (2d ed.1983), and cases cited. See also *Commonwealth v. Dowdy,* 36 Mass.App.Ct. 495, 502, 633 N.E.2d 419 (1994) (Brown, J., dissenting) ("a plethora of opinions have

rained down upon both defense counsel and prosecutor, warning, threatening, and admonishing" about propriety of closing arguments). Defense counsel's characterization of Jane's testimony as a claim that her mother had raped her was unwarranted, and had it come from the prosecution would rightly have given rise to a claim of prejudice.

(FN4.) When asked by the prosecutor whether she recalled having failed to show up on several occasions for counseling sessions with Jane, after Jane had made the allegation of sexual abuse and had gone to live with her father, Jane's mother responded that she did not have a car and, having just learned to drive, could not drive around Boston. The prosecutor then asked, "And with all the family and with all the friends you have up here, you couldn't find anybody to give you a ride down to Boston, so you could sit in with your daughter on a counseling meeting. Is that what you're telling us?" She replied, "I didn't find nobody. Everybody works, sir."

© 2005 Thomson/West. No claim to original U.S. Govt. works.

762 N.E.2d 323, 435 Mass. 1108, Com. v. Rivera, (Mass. 2002)                                    **Page 1**

**\*323** 762 N.E.2d 323

435 Mass. 1108

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

**Commonwealth**
v.
**Angel Rivera**
January 03, 2002

Appeal From: 52 Mass.App.Ct. 321, 753 N.E.2d 823.

DENIED.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

810 N.E.2d 1288, 61 Mass.App.Ct. 1113, Com. v. Rivera, (Mass.App.Ct. 2004)      **Page 1**

**\*1288** 810 N.E.2d 1288

61 Mass.App.Ct. 1113

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

**COMMONWEALTH,**
v.
**Angel RIVERA.**

**No. 03-P-1242.**
June 24, 2004.

*MEMORANDUM AND ORDER*
*PURSUANT TO RULE 1:28*

Serving sentences for multiple sex offenses, affirmed on appeal, *Commonwealth v. Rivera,* 52 Mass.App.Ct. 321 (2001), the defendant petitioned, more than six years after he was convicted, for release from unlawful restraint pursuant to Mass.R.Crim.P. 30(a). The trial judge denied the motion, and wrote a margin endorsement, reproduced in the Commonwealth's brief at page four.

In his rule 30(a) motion, the defendant claimed that (a) the prosecutor suborned perjury by the victim; (b) the defendant's trial attorney rendered constitutionally defective representation because she refused to permit him to testify; and (c) the judge "bound and gagged" him by permitting the admission of fresh complaint testimony, while precluding him from impeaching the victim. No affidavit of defendant's trial counsel was submitted with the motion.

The judge discredited the defendant's claims: "[t]here is no issue of credible value raised in the motion ... that has not been argued and disposed of in prior trial and appellate decisions." The judge was partially accurate. See note 8 in the Commonwealth's brief at page eight. Notwithstanding, the defendant's request for relief was properly denied. The claims pertaining to prosecutorial misconduct, judicial bias, and fresh complaint evidence could have, and should have, been raised on direct appeal, and, like the other claims, the substandard counsel claim lacks credible evidentiary support. We rely on the arguments and authorities on pages nine through fifteen of the Commonwealth's brief. The order denying relief is affirmed.

*So ordered.*

© 2005 Thomson/West. No claim to original U.S. Govt. works.

815 N.E.2d 1085, 442 Mass. 1108, Com. v. Rivera, (Mass. 2004)

**Page 1**

**\*1085** 815 N.E.2d 1085

442 Mass. 1108

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

**Commonwealth**
v.
**Angel Rivera**
September 10, 2004

Appeal From:  61 Mass.App.Ct. 1113, 810 N.E.2d 1288.

DENIED.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

### E N D O R S E M E N T

ANGEL RIVERA v. PAUL VERDINI
02-CV-11185-MEL

LASKER, D.J.

   Respondent, Verdini, moves to dismiss this petition
seeking a writ of habeas corpus for failure to exhaust state
remedies.  Verdini argues that because Rivera has not yet
provided the state's highest court with the first opportunity to
pass on the merits of these federal constitutional claims, the
petition should be dismissed.  28 U.S.C. §2254(b)-(c).

   "Exhaustion obligations mandate that a habeas
petitioner present or do his best to present, his federal claim
to the state's highest tribunal." Adelson v. DiPaola, 131 F.2d
259, 263 (1st Cir. 1997) citing United States ex rel. Kennedy v.
Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 2-3, 70 L.Ed. 138 (1925);
Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir.1988).
This circuit has held that the decisive pleading is the
application for further appellate review, and the Court must
determine whether the petitioner fairly presented the federal
claim to the SJC within the four corners of that application.
Id.

   After carefully reviewing Rivera's application for
leave for further appellate review ("ALOFAR"), I regret to
conclude that it does not meet that test.  The ALOFAR fails to
alert the Court to the embedded constitutional claims in his
case.  It does not indicate a violation of his rights under the
federal or state constitution, nor does it mention case law that
identifies a violation of a federal constitutional right.  His
analysis in the ALOFAR based entirely on state law and he failed
to cite to a single federal case or authority, nor did he cite
the U.S. Constitution, with the exception of one reference to the
6th amendment.

   Rivera's ALOFAR is not sufficient to meet the test as
set out by this Court.  His argument to the SJC, while containing
facts, overall is lean, and fails to "make it probable that a
reasonable jurist would have been alerted to the existence of a
federal question."  See Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir.
1994).  Rivera's only reference to a federal constitutional
challenge in his ALOFAR is an isolated mention of the Sixth
Amendment appearing on page 11 of his ALOFAR.  He argues that,
"the defendant's right to cross-examination is a fundamental
right guaranteed by the Sixth Amendment to the Constitution of

the United States and Article 12 of the Declaration of Rights of the Massachusetts Constitution." This single reference to a federal constitutional right is not sufficient.

Accordingly, Verdini's motion to dismiss on the grounds that Rivera's petition fails to meet the exhaustion requirement is granted and the Commonwealth's motion to dismiss is granted.

It is so ordered.

Dated:       July 29, 2003
             Boston, Massachusetts          _____
                                            United States District Judge

Docket Summary



If you view the full docket, you will be charged for 5 Pages    $ 0.40

## US Court of Appeals for the First Circuit
## Case Summary

Court of Appeals Docket #: 03-2353                    Filed: 10/2/03
Nsuit: 3530 Prisoner: Habeas Corpus
Rivera v. Verdini, et al
Appeal from: U.S. District Court of MA

Lower court information:
        District: 0101-1 : 02-11185            lead: 02-11185
        Ordering Judge: Morris E. Lasker

10/23/03        MOTION filed by Attorney Martin R. Rosenthal to be
                appointed as counsel on appeal for Appellant Angel L.
                Rivera. Certificate of service dated 10/23/03. [03-2353]
                (dona)

10/28/03        ORDER filed by Judge Kermit V. Lipez.  Petitioner's motion
                for appointment of counsel is denied. (ciny)

11/12/03        ORDER filed Certificate of Appealability denied in district
                court.  Denial Date: 10/24/03, CAP Memo due 11/26/03.
                [03-2353] (dona)

1/22/04         SUPPLEMENTAL RECORD consisting of 1-26, 31-33 filed.
                [829421-1]   [03-2353] (dona)

10/28/04        JUDGMENT entered by Judge Sandra L. Lynch, Judge Kermit V.
                Lipez, Judge Jeffrey R. Howard.       We hereby deny the
                petitioner's request for a certificate of appealability. To
                proceed on appeal, the petitioner needed to show both that
                "jurists of reason would find it debatable whether the
                petition states a valid claim of the denial of a
                constitutional right and that jurists of reason would find
                it debatable whether the district court was correct in its
                procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484
                (2000).  He did not make the required showing.  Minimally,
                he failed to make any showing that his Sixth Amendment
                rights were abridged.  Even assuming, dubitante, there were
                any evidentiary errors, not all evidentiary errors rise to
                the level of federal constitutional violations, and there
                were no constitutional violations here.   Niziolek v. Ashe,
                694 F.2d 282 (1st Cir. 1982).          Appeal terminated.
                (ciny)

11/18/04        MANDATE ISSUED. [03-2353] (ciny)

11/18/04        RECORD consisting of pleadings #1-28, 31-33 returned to
                originating court. (ciny)

SA0049

## EVENTS RELATING TO STATUTE OF LIMITATIONS AND TOLLING

| Date | Event | Countable Days | Total Days |
|------|-------|----------------|------------|
| June 6, 1997 | Petitioner convicted | 0 | 0 |
| August 20, 2001 | Appeals Court affirms convictions | 0 | 0 |
| January 3, 2002 | S.J.C. denies application for further appellate review | 0 | 0 |
| April 3, 2002 | Expiration of time to seek certiorari | 0 | 0 |
| February 24, 2003 | Petitioner files new trial motion in state Superior Court | 327 | 327 |
| March 27, 2003 | Superior Court denies new trial motion | 0 | 327 |
| June 24, 2004 | Appeals Court affirms denial of new trial motion | 0 | 327 |
| September 10, 2004 | S.J.C. denies application for further appellate review | 0 | 327 |
| **October 18, 2004** | **AEDPA'S one-year limitations period expires** | **38** | **365** |
| | | | |