```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
ANGEL RIVERA,
     Petitioner,


     v.                                CIVIL ACTION NO.
                                       05-10629-JLT

JOHN ASHCROFT,
Attorney General,
     Respondent.
```

### ORDER TO SHOW CAUSE

### ORDER RE:
### MOTION FOR APPOINTMENT OF COUNSEL
### (DOCKET ENTRY # 11

### May 12, 2005

**BOWLER, U.S.M.J.**

Petitioner Angel Rivera ("petitioner") filed the above styled petition for habeas corpus under 28 U.S.C. § 2254 ("section 2254") on March 30, 2005, attacking his June 1997 convictions rendered in the Massachusetts Superior Court Department (Essex County). The petition appears to be a duplicate of a section 2254 petition petitioner filed in December 2004, Civil Action No. 04-12731-JLT ("the 2004 petition") which also attacks the 1997 convictions. On May 10, 2005, the court dismissed the 2004 petition <u>sua</u> <u>sponte</u> based upon petitioner's representation that he was being detained presently for deportation and, hence, it appeared that the sentence imposed for the 1997 convictions had expired.

Petitioner is currently incarcerated in the Plymouth County Correctional Facility in Plymouth, Massachusetts. Because the

"in custody" requirement, see 28 U.S.C. §§ 2241 & 2254, implicates the jurisdiction of this court,[1] respondent is ordered to address the issue on or before May 31, 2005.  In the course of addressing the issue of whether petitioner is in custody, respondent should provide evidentiary material supporting the basis of petitioner's current incarceration and whether he has served his 1997 sentences.

Petitioner is ordered to show cause why this action should not be dismissed for the reasons stated by the court in the May 10, 1995 Memorandum and Order in the 2004 petition.  The clerk shall attach a copy of this Memorandum and Order to this Order.

The motion for appointment of counsel (Docket Entry # 11), filed seven days after this court denied an earlier motion for appointment of counsel, is denied without prejudice for the same reasons.

CONCLUSION

The motion for appointment of counsel (Docket Entry # 11) is **DENIED** without prejudice.  Respondent is **ORDERED** to address the above described custody issue on or before May 31, 2005.  The deadline for respondent to provide the information relative to

---

[1] Although respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2241(d)(1) (Docket Entry # 7), the expiration of the one year statute of limitations is not a jurisdictional issue. Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004).  Accordingly, it behooves this court to address its jurisdiction prior to addressing the limitations argument.

the proper party, as directed in the May 3, 2005 Order, is correspondingly extended to May 31, 2005.  Petitioner is **ORDERED** to show cause on or before May 31, 2005, why this petition should not be dismissed for the same reasons the court dismissed the 2004 petition.

                                                 /s/ Marianne B. Bowler
                                               **MARIANNE B. BOWLER**
                                               United States Magistrate Judge