UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGEL RIVERA,
    Petitioner,

            v.                              CIVIL ACTION NO.
                                            05-10629-JLT

JOHN ASHCROFT,
Attorney General,
    Respondent.

### REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS (DOCKET ENTRY # 7)

**July 11, 2005**

**BOWLER, U.S.M.J.**

Respondent John Ashcroft ("respondent") moves to dismiss the above styled petition for writ of habeas corpus filed pro se under 28 U.S.C. § 2254 ("section 2254") as untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)") of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  (Docket Entry # 7).  In response to a Procedural Order, respondent also submits that petitioner Angel Rivera ("petitioner"), an inmate housed at the Plymouth County Correctional Facility in Plymouth, Massachusetts, is not "in custody" within the meaning of section 2254.

The petition attacks the constitutionality of a 1997 state court conviction rendered in the Massachusetts Superior Court Department (Essex County) ("the trial court") on the following

three grounds: (1) ineffective assistance of trial counsel (ground one); (2) improper allowance of a "fresh complaint" by the trial court (ground two) and (3) bias and prejudice on the part of the Associate Justice of the trial court (ground three). Having fully served the sentences for the 1996 state court conviction, petitioner is presently subject to deportation.

An evidentiary hearing is not required or necessary. Under the AEDPA, the court "shall not hold an evidentiary hearing on a claim unless a petitioner shows that his 'claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Neverson v. Bissonnette, 242 F.Supp.2d 78, 88 (D.Mass. 2003) (quoting section 2254(e)(2)), aff'd on other grounds, 366 F.3d 32 (1st Cir. 2004). Even if petitioner fell outside the confines of section 2254(e)(2), an evidentiary hearing under pre-AEDPA law is not required. See Lopez v. Commonwealth of Massachusetts, 349 F.Supp.2d 109, 125 (D.Mass. 2004) (applying pre-AEDPA law regarding need for evidentiary hearing having ascertained that section 2254(e)(2) of AEDPA did not apply because "Lopez did everything reasonably possible to get the relevant facts before the state courts"). The facts taken from the court records and related documents contain all the relevant and necessary undisputed facts. See, e.g., Neverson v. Bissonnette, 242

F.Supp.2d at 88.

BACKGROUND

On March 20, 1996, an Essex County grand jury returned indictments charging petitioner with five counts of rape of a child under the age of 16 in violation of Massachusetts General Laws chapter 265, section 23, and two counts of indecent assault and battery upon a child under the age of 14 in violation of Massachusetts General Laws chapter 265, section 13B.  The victim was the young daughter of petitioner's girlfriend.  Petitioner lived in a home with his girlfriend and the victim.  See Commonwealth v. Rivera, 753 N.E.2d 823, 825 (Mass.App.Ct. 2001).[1]

On June 6, 1997, a jury convicted petitioner of four counts of rape of a child under the age of 16 and two counts of indecent assault and battery upon a child under the age of 14.  The jury found petitioner not guilty on the fifth count of rape of a child under the age of 16.  The trial court sentenced petitioner to concurrent terms of eight years and one day at the Massachusetts Correctional Institution-Cedar Junction ("the MCI-Cedar Junction sentence") in Walpole, Massachusetts, and a probation term of five years to run from and after the MCI-Cedar Junction sentence.

Petitioner filed a timely notice of appeal.  On August 20,

---

[1]  Petitioner fails to rebut these facts by clear and convincing evidence.  See Coombs v. State of Maine, 202 F.3d 14, 18 (1st Cir. 2000); 28 U.S.C. § 2254(e)(1).

2001, the Massachusetts Appeals Court ("the appeals court") issued an opinion affirming the conviction.  Petitioner appealed the appeals court's decision to the Massachusetts Supreme Judicial Court ("SJC").  On January 3, 2002, the SJC denied the appeal.  Petitioner did not file a petition for certiorari in the United States Supreme Court.  The 90 day time period to file such a petition expired on April 3, 2002.  See Sup. Ct. Rule 13.

On February 24, 2003, 327 days later, petitioner filed a motion for a new trial under Rule 30, Mass. R. Crim. P. ("Rule 30").  On March 27, 2003, the trial judge denied the motion for a new trial by endorsement.  Petitioner filed a timely notice of appeal.  On June 24, 2004, the appeals court affirmed the trial court's denial of the Rule 30 motion.  On September 10, 2004, the SJC denied petitioner's appeal.

On September 13, 2004, petitioner completed serving the state court sentences.  (Docket Entry # 13; "I wrapped up my state sentence on Sept. 13, 2004"); (Docket Entry # 15, Ex. B).  On that same day, petitioner entered into federal custody at the Plymouth County Correctional Facility.  Detained "for deportation" by the Bureau of Immigration and Customs Enforcement, petitioner was housed at the Plymouth facility at the time he filed this petition in March 2005.[2]  (Docket Entry #

---

[2]  This is not the first time petitioner has sought federal habeas review.  In 2002, petitioner filed a section 2254 petition ("the 2002 petition").  On July 29, 2003, the district judge dismissed the 2002 petition without prejudice due to lack of

1, Notice of Status; Docket Entry # 15, Ex. A).

## DISCUSSION

Respondent submits that the petition fails because petitioner is not "in custody" and the statute of limitations has expired. Respondent is correct.

I. <u>In Custody</u>

Section 2254(a) directs a district judge to entertain section 2254 petitions only for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); <u>see also</u> 28 U.S.C. § 2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. <u>Carafas v.</u>

---

exhaustion. The First Circuit subsequently denied a certificate of appealability.
    In December 2004, petitioner filed a petition that duplicates the grounds raised in this petition ("the 2004 petition"). The district judge dismissed the 2004 petition because petitioner failed to satisfy the "in custody" requirement.
    The limitations period is not tolled during the pendency of these federal petitions. <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 173 (2001). On the other hand, the prior determinations were not terminations on the merits and the present petition is therefore not subject to dismissal under 28 U.S.C. § 2244(b). <u>See</u> <u>Pratt v. United States</u>, 129 F.3d 54, 60 (1st Cir. 1997) (numerically second petition not a second or successive petition where prior petition was not terminated on the merits); <u>Dickenson v. State of Maine</u>, 101 F.3d 791 (1st Cir. 1996) (dismissal of prior petition for failure to exhaust state court remedies not considered a second or successive petition); 2 Randy Hertz and James Liebman <u>Federal Habeas Corpus Practice and Procedure</u> § 28.3b, p. 1288 (2001) (no prior adjudication on the merits where prior petition dismissed for lack of jurisdiction); <u>see also</u> <u>United States v. Barrett</u>, 178 F.3d 34, 43-44 (1st Cir. 1999).

LaVallee, 391 U.S. 234, 238 (1968); United States v. Brown, 1999 WL 1269197 at * 2 (N.D.Ill. Dec. 23, 1999) ("Supreme Court has repeatedly" stated habeas statute requires the petitioner to "be 'in custody' when the application for habeas corpus is filed"). Significantly, the Supreme Court interprets this statutory language as requiring that, "at the time [a] petition is filed, the petitioner must be 'in custody' pursuant to the conviction or sentence he seeks to attack."³ Young v. Vaughn, 83 F.3d 72, 73 (3rd Cir. 1996).

With few exceptions inapplicable to the case at bar, a petitioner cannot lodge a direct attack on an expired conviction and sentence simply because he remains in custody under an enhanced sentence. See Maleng v. Cook, 490 U.S. 488, 489-490 (1989); see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). More to the point, a petitioner who is in federal custody awaiting removal proceedings as a result of an admittedly expired state court conviction is not "in custody" pursuant to the judgment of a state court within the meaning of section 2254. Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004) (the petitioner failed to satisfy section 2254's "in custody" requirement inasmuch as he "is not currently 'in custody

---

³ Parole or probation as well as pretrial release on personal recognizance constitute sufficient restraints upon a person's liberty to satisfy the "in custody" requirement. See Luna v. Massachusetts, 354 F.3d 108, 110 n. 1 (1st Cir. 2004); Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987).

pursuant to a judgment of a State court,' but rather is in federal custody awaiting a final removal determination by the Immigration and Naturalization Service"), cert. denied, __U.S.__, 125 S.Ct. 809 (2004).

Petitioner does not fall within an exception that would allow him to challenge the expired state court conviction. See Lackawanna County District Attorney v. Coss, 532 U.S. at 404-405 (detailing the relevant exceptions). There was no underlying "failure to appoint counsel in violation of the Sixth Amendment," Lackawanna County District Attorney v. Coss, 532 U.S. at 404, and available avenues of relief existed which petitioner could have pursued in a more timely manner. See Broomes v. Ashcroft, 358 F.3d at 1254.

Even construing this petition as filed under 28 U.S.C. § 2241 ("section 2241") and assuming that petitioner is an alien subject to deportation with no other remedy,[4] see Rivera v. Ashcroft, 394 F.3d 1129, 1137 (9th Cir. 2005) (noting availability of section 2241 "when an alien in custody pursuant to an order of deportation has no other remedy"); accord Soberanes v. Comfort, 388 F.3d 1305, 1310-1311 (10th Cir. 2004), section 2241 nonetheless provides petitioner no means to attack the expired state court conviction. Like the petitioner in

---

[4] The Plymouth County Correctional Facility's inmate summary form lists petitioner's citizenship as the Dominican Republic. (Docket Entry # 15, Ex. A).

Thelemaque v. Ashcroft, 363 F.Supp.2d 198 (D.Conn. 2005), "even if [the 1997 state court conviction] were the sole basis for removal, any attempt by [petitioner] to collaterally attack his state court conviction under 28 U.S.C. § 2241 would not be allowed." Thelemaque v. Ashcroft, 363 F.Supp.2d at 220 (D.Conn. 2005) (collecting cases for principle that a section 2241 petitioner cannot collaterally attack expired state court conviction under section 2241); see Broomes v. Ashcroft, 358 F.3d at 1255 (holding that "a petitioner cannot collaterally attack an expired state court conviction under § 2241").

In sum, petitioner is not "in custody" within the meaning of either section 2241(c)(1) or section 2254(a) with respect to the 1997 expired state court conviction notwithstanding that he may be subject to deportation as a result of that conviction.

II. Timeliness

Section 2244(d) "fixes a one-year limitations period for federal habeas petitions by state prisoners." David v. Hall, 318 F.3d 343, 344 (1st Cir.), cert. denied, 540 U.S. 815 (2003). Section 2244(d)(1)(A) sets forth the applicable accrual date. Under this subsection, the one year limitations period begins to run from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

For purposes of section 2244(d)(1)(A), a conviction does not

become final until the Supreme Court reviews the case or the time for such review expires. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000); accord Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (section 2244(d)(1)(A) takes into account time during which certiorari petition can be filed); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (same); see, e.g., Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) ("Neverson's conviction became final when the ninety-day period for seeking certiorari expired on January 23, 1994"). The time for petitioner to file a petition for certiorari on direct appeal expired on April 3, 2002. Absent tolling, the one year limitations period therefore expired on April 3, 2003. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (where "statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period").

Under section 2244(d)(2), however, petitioner receives the benefit of a provision which tolls the one year period during the time a "properly filed" post-conviction state application for collateral review is "pending." 28 U.S.C. § 2244(d)(2). By the time petitioner filed the Rule 30 motion on February 24, 2003, 327 days of the one year limitations period had elapsed. The filing of the Rule 30 motion, however, tolled the time period until the SJC's decision denying the appeal on September 10, 2004. See Carey v. Saffold, 536 U.S. 214, 219-220 (2002) (state

collateral motion "is pending as long as the ordinary state collateral review process is in continuance--i.e., until the completion of that process") (internal quotation marks omitted).

Petitioner therefore had 38 days or until October 18, 2004, to file a federal habeas petition before the one year period expired. Unlike the language of section 2244(d)(1)(A), section 2244(d)(2) does not give petitioner the benefit of the additional 90 days for filing a petition for certiorari in the United States Supreme Court. See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003). Petitioner's filing of the present petition in March 2005 is therefore five months too late.

Equitable tolling, although permitted in this circuit, Neverson v. Farquharson, 366 F.3d at 42, is inadvisable under the circumstances. First and foremost, equitable tolling is used "only sparingly." Neverson v. Farquharson, 366 F.3d at 42. Indeed, the First Circuit narrowly construes this doctrine and allows tolling only in "extraordinary circumstances." Neverson v. Farquharson, 366 F.3d at 42. "At a minimum," the doctrine "is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time." Neverson v. Farquharson, 366 F.3d at 42.

In the case at bar, petitioner had the ability to file a timely section 2254 petition up to and including October 18, 2004. His failure to do so makes the application of the equitable tolling doctrine improper.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[5] that respondent's motion to dismiss (Docket Entry # 7) be **ALLOWED** and that the petition be **DISMISSED** as both untimely and for failure to satisfy the jurisdictional "in custody" requirements of section 2254(a) and 2241(c)(1).

/s/Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).